THE STATE v. AUSTIN *et al.*; CREECH, *Plaintiff in Error.*

Division Two, November 23, 1897.

1. **Purpose of Scire Facias.** The office and purpose of a *scire facias* under Missouri practice, in a forfeiture proceeding, are to notify the sureties of the default of their principal, and afford them an opportunity to show cause why execution should not be awarded against them.

2. **Forfeiture of Bond "Without Cause."** It is not necessary that the entry of the forfeiture of a recognizance should state or show that it was done because "the defendant failed to appear without sufficient cause or excuse." The excuse may be shown on the return of the *scire facias.*

3. **Reversal on Appeal.** The defendant was not excused from giving a recognizance or being confined until a new indictment could be presented, simply because on a former appeal to the Supreme Court the indictment had been held bad and the cause remanded.

4. **Authority in Sheriff to Take Bond.** On a former appeal in this case the Supreme Court found the indictment bad and remanded the cause, and ordered the prisoner to be delivered to the jail, "there to be confined to await the further order of the Lincoln county circuit court," which was done, and the court fixed his bond at $300. *Held* to be sufficient authority to justify the sheriff in taking bail.

*Error to Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Norton, Avery & Young* for plaintiff in error.

(1) Neither the minutes of the judge nor the record show that "defendant failed to appear without sufficient cause or excuse." R. S. 1889, sec. 4134; *State v. Whitecotton*, 63 Mo. App. 8. (2) The Supreme Court had reversed the judgment of the lower court and decided that the indictment was bad. A grand jury had met and been discharged—no new indictment

VOL. 141 mo—31

found.  Therefore the defendant was illegally restrained of his liberty and the sheriff had no jurisdiction to take recognizance.  (3) The court erred in permitting the sheriff to be called and testify that his body had been delivered to him by the marshal of the Supreme Court. This class of cases is tried wholly on the record, and if the record fails to disclose a case of warranted forfeiture, the case must fall.  R. S. 1889, sec. 4126; *State v. Peyton*, 32 Mo. App. 522.  This does not purport to be taken by the sheriff, nor is it certified by him, and is therefore void.  *State v. Randolph*, 22 Mo. 474; *State v. Ferguson*, 50 Mo. 409; R. S. 1889, sec. 4129; *State v. Zwifle*, 22 Mo. 467.  (4) The court erred in admitting extrinsic evidence.  The record must be depended on for the forfeiture and can not be cured by oral testimony.  *State v. Peyton*, 32 Mo. App. 522.

*Edward C. Crow*, Attorney-General, and *J. W. Powell* for defendant in error.

(1) The defendant was legally in custody.  The indictment was good under section 3535.  *State v. Austin*, 113 Mo. 538.  But even if it was fatally defective it would not justify the principal in making default. *State v. Morgan*, 112 Mo. 202; *State v. Livingston*, 117 Mo. 627; *State v. Poston*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359; *State v. Peyton*, 32 Mo. App. 522; *State v. Riley*, 34 Mo. App. 426.  (2) The bond was a continuing one.  *State v. Poston*, 63 Mo. 521; *State v. Livingston*, 117 Mo. 627.  (3) There is no pretense that the warrant on which defendant was arrested was illegal.  *State v. Swope*, 72 Mo. 399.  (4) If the amount of bail is fixed by an order of court entered of record it is sufficient though not indorsed upon the warrant. *State v. Jenkins*, 24 Mo. App. 433; R. S. 1889, sec. 4380. (5) It was not necessary for the record to recite that

the defendant failed to appear without sufficient cause or excuse. *State v. Holtdorf*, 61 Mo. App. 520; *State v. Whitecotton*, 63 Mo. App. 8; R. S. 1889, sec. 4380. (6) The bond was taken and approved by the sheriff and filed with the clerk. This was sufficient. *State ex rel. v. Lay*, 128 Mo. 615; *State v. Rogers*, 36 Mo. 138; R. S. 1889, sec. 4380. (7) If the sheriff's indorsement was not a sufficient certificate the omission is cured by the statute of jeofails. *State v. Culp*, 39 Mo. 530; *State v. Morgan*, 124 Mo. 467; R. S. 1889, sec. 4380; *State v. Peyton*, 32 Mo. App. 522. (8) The *scire facias* proceedings is not the commencement of a new suit to be answered or demurred to, but brings up the whole record, and the defense must set forth valid and substantial reasons, and not rely upon technical omissions and irregularities. *State v. Riley*, 34 Mo. App. 426; *State v. Potts*, 60 Mo. 368; *State v. Poston*, 63 Mo. 521; Kelly's Criminal Law [2 Ed.], sec. 102. (9) It is not error to receive extrinsic evidence from an officer of the court to substantiate the record when the truth of the record is denied in defendant's answer to the writ. *State v. Peyton*, 32 Mo. App. 522.

GANTT, P. J.—This is a proceeding on *scire facias* to enforce a forfeiture of a recognizance entered into by Stephen F. Austin as principal and Josiah Creech as surety on April 10, 1893, conditioned that said Austin should be and appear before the circuit court of Lincoln county on the first day of the October term, to be begun and held at Troy, Missouri, on the second Monday in October, 1893, and not depart without leave of the court. Austin was first apprehended and taken before Justice Dryden on August 10, 1891, on a charge of stealing a horse from Dodson on August 3, 1891. He was duly committed to jail in default of bail. At the next term he was indicted and tried on the said charge

and the jury disagreed.  He was again tried at the spring term, 1892, and convicted, from which he appealed to this court, and in the meantime was sent to the penitentiary.  In January, 1893, the judgment was reversed and the cause remanded, and the defendant was ordered to be taken from the penitentiary and delivered to the jail of Lincoln county, "there to be confined to await the further order and action of the Lincoln county circuit court."  At the spring or April term, 1893, his bail was fixed at $300 and the cause continued.  On the tenth day of April, 1893, the sheriff took and approved the bond or recognizance which is the basis of this action, with appellant Creech as surety, and filed it with the clerk, and thereupon released the prisoner.  At the October term, 1893, and on December 4, the court having been regularly adjourned, the record recites, after entitling the cause: "Now here on this day comes the prosecuting attorney for the State, and the defendant being three times called comes not in discharge of his recognizance herein, and his surety Josiah Creech, being three times called to produce the body of said defendant, fails so to do," etc.  Thereupon the recognizance was declared forfeited, and afterward at the same term a *scire facias* ordered, returnable to next term, and afterward on December 8, 1894, the *scire facias* duly issued and was served on defendant Creech, December 11, 1894.  The answer was filed December 9, 1895, it being the first day of the October adjourned term.  It set out the following reasons:  *First.*  Because at the time of the taking of the recognizance the defendant was not legally in the custody of the sheriff, there being no legal indictment pending against him.  *Second.*  Because he was not under arrest by virtue of a warrant upon an indictment, nor upon a warrant of commitment for failure to find bond with the amount of bail required

specified on the warrant, nor for a misdemeanor. *Third.* Because the record of the court fails to show that defendant failed to appear without sufficient cause or excuse. *Fourth.* And because the records failed to show that a bond was ever taken by the sheriff and by him certified and returned to the clerk. *Fifth.* Denied that defendant as principal and Josiah Creech as surety entered into a recognizance, as alleged in the *scire facias*. The reply was a general denial. The judgment was for the plaintiff and from the judgment this appeal is taken.

Upon the foregoing evidence defendant Creech prayed the court to declare the law to be that the finding must be for the said defendant, which the court refused and the said defendant duly excepted.

On an appeal to the St. Louis Court of Appeals the judgment of the circuit court was affirmed, but by reason of the fact that this court has since decided that this court alone has appellate jurisdiction from judgments of the circuit or criminal courts enforcing recognizances *in cases of felony*, the defendant in error has brought this record into this court and reassigns the errors of which he complained in the court of appeals.

I. It is first contended that "the forfeiture is insufficient because the entry thereof does not recite that '*the defendant failed to appear without sufficient cause or excuse.*'"

The obligation of the defendant and his surety bound him to appear at the October term of the court, *and not depart without leave of the court.* The record shows that at said term his presence was required, and he was three times solemnly called, and came not, and that his surety was also called, and failed to produce his principal, thereupon the forfeiture was taken. If he had cause or excuse to show why the forfeiture should not be entered, it devolved upon him to make it

known, and it was not incumbent upon the State to show a negative. The statute has never been construed to require more than to note the calling of the defendant and his sureties, and their default. The burden of explaining his excuse has been justly cast upon him as a matter peculiarly within his knowledge. But a further and complete answer to this contention is that the mere noting of the forfeiture is not the final determination of the liability of the defendant and his sureties. It is merely the preliminary step to the issuance of the *scire facias*. The office and purpose of the *scire facias* under our practice are to notify the sureties of the default of their principal and afford them an opportunity to show cause why execution should not be awarded against them. As pointed out in the very satisfactory opinion of the majority of the court in *State v. Whitecotton*, 63 Mo. App. 8, "the defense that the forfeiture was illegally taken is necessarily still open to the sureties in the latter proceeding, because the statute expressly provides that final judgment should be entered only upon the return of the *scire facias*, and that the court may remit the forfeiture for good cause shown." No such defense was attempted in this cause. *Ellis v. Jones*, 51 Mo. 180. We venture to say that we doubt if the judicial history of this State will show a single entry of a forfeiture in which the record recites that it was taken because the defendant failed to appear "*without cause or excuse.*"

II. Equally without merit is the point that because this court had adjudged the indictment bad and remanded the cause, the defendant was illegally restrained of his liberty, and could not be required to enter into a recognizance because a new indictment had not been returned. The very purpose of bail was to require him to answer to another indictment if one

should be found. *State v. Livingston*, 117 Mo. 627; *State v. Poston*, 63 Mo. 521.

III. The taking and approving the bond in the amount directed by the court and filing it with the clerk was a sufficient and substantial compliance with the statute requiring the sheriff to. take bail in certain cases, and return the same to the clerk. R. S. 1889, sec. 4129; *State ex rel. v. Lay, Judge*, 128 Mo. 609. But it is said further that the sheriff did not hold the prisoner under such authority as authorized the sheriff to take the bail. It fully appears that the sheriff held the prisoner under the judgment of this court reversing and remanding the cause and the specific direction therein to commit the prisoner to the Lincoln jail and the keeper thereof to await the action of the circuit court. No higher or greater authority is required by the law. The circuit court fixed the bail, and under these circumstances the sheriff, being in charge, accepted the bail. This is enough. Section 4380, Revised Statutes 1889, provides that it is sufficient if "it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, *that he was discharged* therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial." *State v. Morgan*, 124 Mo. 479. All of which amply appears in this record and the statute answers all the points made against the judgment. It is a wise and wholesome piece of legislation and should be enforced in the spirit of its enactment. There was no error in permitting the sheriff to testify he received the prisoner from the marshal of the Supreme Court and held him under the judgment of this court. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.