Ex Parte II. M. Saxbury, Petitioner.—18 S. W. (2d) 1041.

Court en Banc, June 29, 1929.

*Murrell & Murrell* and *Walter E. Sloat,* Special Assistant Attorney-General for petitioner.

*George N. Davis* and *Matthews & Jones* for respondent.

BLAIR, J.—*Habeas Corpus.* Olin U. Murfin, herein referred to as defendant, is a convict in the state penitentiary, under sentence of the Circuit Court of Schuyler County, for a term of five years, from December 12, 1927, for the crime of accepting a deposit in the Farmers & Merchants Savings Bank of Lancaster, Missouri, knowing said bank to be in a failing condition. Petitioner asks that said defendant be temporarily released from confinement, to the end that he may be taken to Schuyler County to answer a complaint of felony filed by petitioner as prosecuting attorney of said county. Such complaint is pending before a justice of the peace of said county and charges defendant with the crime of embezzlement as cashier of said bank.

The warden of the penitentiary has filed his return in conventional form, alleging that he holds defendant under a commitment issued by the Circuit Court of Schuyler County, a certified copy of which commitment is attached to his return. By leave of court defendant Murfin has filed a return in his own behalf in which he urges various reasons why he should not be taken from the penitentiary and returned to Schuyler County for a preliminary hearing upon said complaint. In the view we take of the case, it is unnecessary to set out or consider more than one of such reasons.

In State ex rel. Billings v. Rudolph, 322 Mo. 1163, decided by this court on May 31, 1929, it was expressly ruled that a convict in the state penitentiary may be temporarily released from his confinement therein and taken before the circuit court of another county for a trial upon an indictment charging him with the commission of a felony prior to his incarceration in the penitentiary.

The case at bar differs, from the Billings case in that no indictment or information has been filed against defendant in the Circuit Court of Schuyler County. We are, therefore, now called upon to determine whether a convict may be taken from the penitentiary and returned to one of the counties of the State for a mere preliminary

198

hearing upon a charge of felony alleged to have been committed before his incarceration. The question is one of first impression in this State and precedents from other jurisdictions appear to be most meager and unsatisfactory.

In the English case of Regina v. Day, reported in 3 Foster & Finlason, at page 526, one Stephenson made an application to the judge of the York Summer Assizes, "for a writ of *habeas corpus* to remove John Day from Knutsford Gaol to Huddersfield to be examined before the magistrate there on a charge of felony." The writ was refused at first because the judge doubted his power to grant it and did not wish to set a bad precedent. Afterwards, Day was indicted by the grand jury and the writ was granted to permit Day's trial upon such indictment.

In another English case, In Re Hardwick, reported in W. W. & D., at page 197, one Shee applied for *habeas corpus* to require the jailer of Plymouth to bring up Hardwick "for the purpose of being committed to the gaol at Brecon." Hardwick "had been committed to the gaol at Brecon to take his trial for a felony committed in that county, and he afterwards escaped." When the writ was applied for he was serving a seven-year's "transportation" for a crime committed after such escape and was then confined at Plymouth under the latter sentence. The application was made by the prosecutor for Brecon in order to try Hardwick for the first felony. The writ was denied.

It is not altogether clear that Hardwick had not been indicted for the first felony, but we assume that he had not been because of the language of the court in saying, "It was submitted that the first felony might perhaps be a capital one; and that at any rate it was fit he should be tried for it." Had an indictment been found, it is altogether unlikely the court would have been in doubt concerning the nature of the charge against Hardwick on which it was sought to try him in Brecon.

The Hardwick case is cited in 15 Am. & Eng. Ency. Law (2 Ed.) 191, and in a note to Rigor v. State, in 4 A. & E. Ann. Cases, page 723, in support of the rule, as stated in both of these works, that the writ of *habeas corpus* will not be used to take a prisoner before a magistrate of another county in order to have a charge preferred against him there.

Petitioner has cited no case where the writ has been granted to take a convict from a jail or penitentiary where he is confined under sentence for one crime in order to remove him to another county for preliminary examination for a felony committed before such incarceration. Nor have we found any precedent of that character. The meager precedents found must at least be held to cast great doubt upon the propriety of such course.

Section 3812, Revised Statutes 1919, provides for the issuance of a warrant for the arrest of a defendant "whenever complaint shall be made, in writing and upon oath, . . . setting forth that a felony has been committed, and the name of the person accused thereof." Such complaint may be made and filed by any one and hence imports no probability of the truth of the charge contained therein. It is only after a hearing on such complaint and a finding by the magistrate that the accused should be bound over to the circuit court for trial for the particular felony that any presumption may properly be indulged that "a felony has been committed, and that there is probable cause to believe the prisoner guilty thereof." [Sec. 3828, R. S. 1919.] Until the prisoner has been so bound over to the circuit court, the prosecuting attorney is not authorized to file an information. [Sec. 3848, Laws 1925, p. 195; State ex rel. McCutchan v. Cooley (Mo. Sup.), 12 S. W. (2d) 466.] The finding and return of an indictment for felony by a grand jury likewise authorize the presumption that a felony has been committed and that there is probable cause to believe the accused to be guilty thereof.

Good and sufficient reasons exist to justify taking a convict away from his incarceration in the penitentiary and returning him to another county in the State to answer an indictment or information which do not exist when his return is sought merely to bring him before a magistrate for preliminary hearing upon complaint of felony alleged to have been committed before such incarceration. Such convict should not be taken out of the penitentiary for preliminary hearing upon a felony charge on mere complaint of a citizen, even though that citizen be, as is the case here, the prosecuting attorney of the county. To approve such a course of procedure would subject those in charge of the penitentiary to unjustifiable annoyance upon the complaint of irresponsible private persons and render possible the escape of convicts, while thus temporarily away from prison, through the aid of confederates who might file fictitious complaints with that end in view.

It may be argued that the convict might thus be granted effectual immunity from prosecution for a grave felony committed before and discovered after his incarceration in the penitentiary and that the statute of limitations might bar prosecution for such grave felony after his discharge in due course unless a preliminary hearing could be held and information filed within the period of limitation. The fact that such convict may be indicted by a grand jury, which must be convened in each county once each year, and more frequently if ordered by the circuit court or judge thereof (Sec. 6614, R. S. 1919) precludes the possibility of such miscarriage of justice.

Since no authority for the use of the writ of *habeas corpus* urged upon us in this case by petitioner has been presented to us and since such precedents as have been found deny petitioner's right to such use and because we find that such use is not necessary to prevent a miscarriage of justice and might be improperly employed, we are constrained to deny petitioner's prayer and remand defendant to the custody of the warden of the penitentiary. It is so ordered.

All concur, except *Atwood, J.*, not sitting.