STATE of Missouri, Respondents,

v.

Martin Lee DAIGLE, Thomas Don Haskins, Defendants,

and

United Bonding Insurance Co., Appellant.

No. 53755.

Supreme Court of Missouri,
Division No. 2.

July 14, 1969.

Dan Bollow, Shelbyville, for respondent.

Robert G. Duncan, Lewis E. Pierce, Pierce & Duncan, Kansas City, for appellant.

STOCKARD, Commissioner.

This is an appeal from a judgment of forfeiture of bail bond of two defendants

on which the appellant, United Bonding Insurance Company, was surety.

In July, 1965, Martin Lee Daigle and Thomas Don Haskins, each as principal and United Bonding Insurance Co., as surety, executed two separate bail bonds for $4,000 for the appearance of the principals in Shelby County Magistrate Court to answer a charge of burglary in the second degree. Each principal failed to appear for his preliminary hearing, and after the magistrate court certified the recognizance with the record of default in each case to the circuit court, a hearing was held and judgment was entered against the principals and the surety. The surety has appealed. For an opinion in a previous appeal pertaining to these principals and this surety see State v. Daigle and Haskins, Mo., 413 S.W.2d 161.

United Bonding Insurance Co. (hereafter referred to as "Surety") alleged that Martin Lee Daigle and Thomas Don Haskins (hereafter referred to as "defendants") were confined in other states, and that it had executed the bonds under the apprehension, based on the representation of the prosecuting attorney, that if the defendants were so confined there would be no forfeiture of the bonds; that the State was estopped from seeking a forfeiture of the bonds; that there had been no personal service on the defendants and the circuit court lacked jurisdiction; and that justice required that a forfeiture not be enforced.

The transcript of proceedings in a previous hearing involving the same bonds was introduced in evidence, and the exhibits identified in the previous hearing were again identified and offered, but the State's objectons were sustained except in so far as the exhibits tended to show the exercise of due diligence on the part of the Surety. The substance of the testimony at the previous proceeding and at the hearing in this proceeding, all of which was before the circuit court, was that two agents of the Surety had discussed the posting of bonds with the prosecuting attorney, and he had indicated that if the defendants were incarcerated in some other state when they were to appear in Shelby County he would not seek a judgment based on a forfeiture of the bonds but would "place a detainer" on the defendants. As noted in the previous opinion, 413 S.W.2d at p. 166, the cross-examination of these witnesses for Surety indicated that "any conversation with the prosecuting attorney [concerning nonforfeiture of the bonds in the event of confinement in another jurisdiction] was related to the surety's desire to secure Anderson's release [a third person who was charged with defendants] in order to fulfill the obligation of the Texas bond, and that the matter of nonforfeiture related to what Texas officials might do." One of the agents of Surety testified that, by letter dated October 2, 1965, he notified the prosecuting attorney that defendant Daigle was confined in the county jail at Pontiac, Michigan, and that defendant Haskins was confined in the county jail at Sherman, Texas. The Sheriff of Shelby County testified that he had placed no "detainers" on the defendants and had not been requested to do so. He further testified that he had received information in the form of a "criminal transcript" which indicated that defendant Daigle was confined in Michigan when he was supposed to appear in Shelby County, but he had received no information as to the location of defendant Haskins.

The exhibits which were received in evidence only for the limited purpose of tending to show the exercise of diligence of the part of the Surety, purported to show that at the time the defendants were supposed to appear for their preliminary hearing they were confined in another state. In the previous opinion reported at 413 S.W.2d 161, this court ruled that in so far as those exhibits purported to show that defendants were confined in another state they were properly excluded because they were hearsay and did not qualify for admission in evidence under the Uniform Business Records as Evidence Act. The circumstances in this proceeding were com-

parable to those in that proceeding. In any event, there is no contention on this appeal that the documents were improperly excluded as evidence, or that there was competent evidence before the court from which it could be found that at the time the defendants defaulted in their appearance they were confined in another jurisdiction.

The State offered no evidence except the formal records of the magistrate court. At the close of the evidence the trial court stated that "some of the matters" asserted by the Surety in its pleadings were not supported by evidence, and then commented as follows: " * * * as the Court understands it, the law in connection with liability of sureties on a bond of this type is that it is the duty of the surety to procure the defendant or the principal, unless there are circumstances which the law recognizes as excusatory and as to these defendants there is no showing they are dead. The only one that would be a valid excuse, it seems to me, is the authorities of the State of Missouri had these defendants confined, at this time, somewhere else, or the State of Missouri had participated in the release of these defendants to one of these other states; Michigan or Texas." The court then entered judgment in which it was recited that it found that the allegations in the State's motion for judgment of default and for execution were true, and that the Surety had offered "no competent evidence to sustain the allegations of bodily confinement of the said Martin Lee Daigle and Thomas Don Haskins," and that there had been "no evidence presented to show that justice does not require the enforcement of the forfeiture." Judgment was then entered against defendant Daigle and his surety in the sum of $4,000, and against defendant Haskins and his surety in the sum of $4,000.

The only contention made by the Surety on this appeal is that the trial court erred "in failing to exercise its discretion as to whether or not to enter judgment upon the bond forfeitures and in holding that the surety-appellant was entitled to no relief

as a matter of law." Neither in the point nor in argument does the Surety set forth with particularity what facts or circumstances established by the evidence it contends the court should have taken into consideration in the exercise of judicial discretion

In State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927, this court, in construing what is now § 544.640, RSMo 1959, V.A. M.S., held that after default by a defendant and forfeiture of recognizance, a circuit court, in the proceeding there provided for to obtain final judgment and execution, may "for cause shown" exercise its judicial discretion, even though the presence of the principal is not obtained. The proceeding for judgment after a declaration of forfeiture of bail is not governed by Supreme Court Rule 32.12, V.A.M.R., and it is there provided that "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." We are of the opinion that the discretion of the court pursuant to this rule is at least as broad as that indicated in State v. Wynne.

In its comments the trial court correctly stated that it was the duty of the Surety to produce the principal, unless there are circumstances which the law recognizes as excusatory, and the court then commented that there was no evidence that the defendants were dead. The effect of the statements that followed was that under the circumstances revealed by the evidence the only valid excuse would be that the State of Missouri had caused the defendants to be released to other jurisdictions or had participated in such release, and there was no evidence that this had happened. In the judgment that was entered the court expressly recited that there was "no competent evidence to sustain the allegations of bodily confinement" of defendants, and that there had been "no evidence presented to show that justice does not require the enforcement of the forfeiture." Surety

does not contend otherwise on this appeal. While confinement of the defendants by another jurisdiction, without participation by the State of Missouri in bringing about that confinement, does not release the surety as a matter of right, State v. Horn, 70 Mo. 466, 35 Am.Rep. 437; State v. Adanks, Mo., 256 S.W. 768; State v. Hammond, Mo., 426 S.W.2d 84, if supported by competent evidence such confinement would be a circumstance entitled to consideration. However, the burden was on the Surety to show that it was entitled to discretionary relief, State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522, and in the absence of evidence of a circumstance warranting relief, it cannot be said that the court wrongfully failed to exercise discretion.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.