**STATE of Missouri, Respondent,**

v.

**Gladys Laverne SAVAGE and Robert W. Goulden, Appellants.**

No. 55520.

Supreme Court of Missouri,
En Banc.

Jan. 11, 1971.

Darryl L. Hicks, Prosecuting Atty. of Warren County Courthouse, Warrenton, for respondent.

James L. McMullin, Kansas City, for appellant.

BARDGETT, Judge.

Bond forfeiture case originally on appeal to the St. Louis Court of Appeals and transferred here pursuant to Art. V, § 3, Mo.Const.1945, V.A.M.S., which provides, inter alia, that jurisdiction of appeals to which the State of Missouri is a party lies in the Supreme Court of Missouri. State v. Savage, Mo.App., 452 S.W.2d 241.

The facts are not in dispute. On May 22, 1968, appellants, Gladys Savage, as principal, and Robert Goulden, as surety, entered into a bond to the State of Missouri in the amount of $1,500, conditioned on the appearance of said principal in the Magistrate Court of Warren County, Missouri, on May 29, 1968. The purpose of the magistrate court proceeding was to conduct a preliminary hearing on a felony complaint filed in magistrate court by the prosecuting attorney against Savage. Prior to May 29, 1968, Savage appeared in said magistrate court and obtained a continuance to June 26, 1968. Thereafter, but prior to June 26, Savage was indicted for a felony in Jackson County, Missouri, arrested and held in custody by the sheriff of Jackson County. The surety notified the magistrate court and prosecuting attorney of Warren County of the incarceration of Savage in Jackson County prior to and on June 26, 1968. On the nonappearance of Savage on June 26, 1968, the Magistrate Court of Warren County recorded the default and on July 15, 1968, certified the recognizance with record of the default to the Circuit Court of Warren County in accordance with § 544.330, RSMo 1969, V.A.M.S. The State, proceeding pursuant to Criminal Rule 32.12, V.A.M.R., filed its motion for judgment. The circuit court entered its order declaring forfeiture of the bond, notified appellants, and set a date for hearing on the State's motion for judgment. The substance of the response filed by the surety is that his failure to produce the principal at the appointed time was excusable because the obligee State prevented him from performing by holding the principal in jail in Jackson County, Missouri, at the time the principal was to appear in Warren County Magistrate Court. The surety moved the court to set aside its order of September 5, 1968, declaring forfeiture. The hearing on the State's motion for judgment and appellant-surety's response and motion was held October 10, 1968, and the facts developed were as previously set forth supra and are not in dispute. The circuit court entered judgment

against the principal and surety for the amount of the bond and costs, and this appeal followed.

The principal question is whether the State is entitled to enforcement of the forfeiture where, as here, the principal was confined by the obligee, State of Missouri, and by reason of that confinement in and by the State of Missouri the surety was prevented from producing the principal in magistrate court and thus satisfying the condition of the bond.

At the close of the evidence, the trial court stated that it had no power to set the forfeiture aside because it did not declare the forfeiture but that if the fact that the principal was in the jurisdiction of the State of Missouri rendered the forfeiture invalid then the circuit court could not enter judgment of default. The trial court said that had the default occurred in circuit court because the principal was detained by an act of the obligee State, then it would not be entitled to enter judgment of default. The trial judge posed the question, "If the relief to the bondsman is based on the ability of the [Magistrate] court to have produced the defendant, then if the Magistrate Court couldn't have produced the defendant, I think the bondsman might be liable."

When there is a breach of condition of a bond by the failure of a defendant to appear at the appointed time in magistrate court for preliminary hearing on a felony complaint, the magistrate court must record the default and, unless the default is set aside by the magistrate, that court must certify the recognizance with a record of such default to the circuit court, and the proceedings in circuit court are to be the same as upon breach of condition of a recognizance for appearance in circuit court. Section 544.330, RSMo 1969, V.A.M.S. In these circumstances, the magistrate court does not have jurisdiction to enter judgment on the default. State v. Anderson, Mo., 413 S.W.2d 161.

Criminal Rule 32.12, V.A.M.R., now governs the proceedings for judgment after a

declaration of forfeiture of bail. State v. Daigle, Mo., 442 S.W.2d 503, 505. Rule 32.12 provides in part that "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." The trial court's discretion, under Criminal Rule 32.-12 is at least as broad as under § 544.640, RSMo 1969, V.A.M.S., which provides that the court may, *for cause shown*, remit the forfeiture. State v. Daigle, supra, loc.cit. 505. The office and purpose of scire facias under § 544.640 are to notify the sureties of the default of the principal "and afford them an opportunity to show cause why execution should not be awarded against them," State v. Austin, 141 Mo. 481, 43 S.W. 165, 167, and the function of the motion for judgment under Criminal Rule 32.12 is the same. State v. Hammond, Mo., 426 S.W.2d 84, 86.

The burden is on the surety to prove justification or excuse for the failure of the principal to appear in compliance with the conditions of the bond. State v. Hinojosa, 364 Mo., 1039, 271 S.W.2d 522, 524; State v. Daigle, Mo., 442 S.W.2d 503, 506; State v. Adanks, Mo., 256 S.W. 768.

Thus, it is clear that the law recognizes that there can be an excuse or justification for failure to appear as required by the bond, and has provided the method, the forum, and the procedure for receiving the evidence of excuse and adjudicating the issue.

What constitutes a valid excuse? This court in State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927, 929[3], and in State v. Hammond, Mo., 426 S.W.2d 84, 87, said that the courts generally hold that the sureties are discharged as a matter of law when the return of the defendant is prevented by (1) an act of God; (2) an act of the law; (3) an act of the obligee, the state, where the criminal charge is pending.

Judge Hyde, while dissenting in State v. Wynne, supra, agreed that the words "for cause shown" in § 3973, R.S. 1939 (now §

544.640, RSMo 1969, V.A.M.S.) "means such cause as has long been established by the cases to be an excuse for the sureties. These are 'if they are prevented by an act of God, by an act of the law, by an act of the obligee, or by an act of the public enemy, from fulfilling the requirements of the bond.' (6 Am.Jur. 98, § 129; see also 8 C.J.S. Bail § 76, p. 147)." Although the courts are not agreed that a subsequent arrest and imprisonment by the obligee State of the principal are grounds for relieving the surety of forfeiture, 8 Am.Jur.2d, Bail and Recognizance § 186, p. 884, states the general rule as being "that when one is bound as bail for another for his appearance in a particular court at a particular time, and the state, before the time stipulated for the appearance, arrests the principal and detains him, thus preventing him from appearing at the time and place stipulated, performance by the surety is thereby excused, and a forfeiture of the bond will be remitted."

We are convinced that the State may not detain the principal in one county and at the same time demand her presence in court in another county on penalty of forfeiture of her bond.

Criminal Rule 32.12 in providing that "The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture" vests the trial court with discretion to remit all or part of the penalty. Such discretion is a judicial one and subject to review if arbitrarily exercised either for or against the surety. State v. Wynne, supra, loc.cit. 932.

■ In the instant case, it is admitted that the principal was in custody of the obligee State of Missouri acting through the Jackson County, Missouri, authorities at the time her presence was required by the obligee in Warren County, Missouri, and we hold in these circumstances that the entry of judgment in the full amount of the bond against the surety was an abuse of discretion.

We do not hold that the arrest and detention of the principal at the time her presence was required in another county of the state automatically relieves the surety of all obligations on the bond nor does it necessarily release or discharge the surety nor exonerate the surety from all liability on the bond. Instances will arise where the detention in another county in the same state is temporary or where the principal escapes or is released. In such instances the obligation of the surety to produce the principal at the time requested by the court remains in effect. The import of our holding here is that where the default in the recognizance consists of the nonappearance of the principal, and the nonappearance is the direct result of the obligee's act of holding the principal elsewhere in the State, the obligee is not entitled to penalty judgment, although the surety may be required to pay the costs and expenses incurred by the state occasioned by the default.

The State, relying on Ex parte Saxbury, 323 Mo. 194, 18 S.W.2d 1041, urges that the magistrate court had no authority to issue a writ of habeas corpus ad prosequendum and could not cause the Jackson County authorities to produce the principal in Warren County Magistrate Court for preliminary hearing on the felony complaint and, therefore, the penalty judgment should be affirmed. Ex parte Saxbury does hold that a justice of the peace could not compel the warden of the state penitentiary to temporarily release a prisoner to the end that he appear in a justice of the peace court to answer a complaint of felony filed by the prosecuting attorney.

At the time Ex parte Saxbury, supra, was decided, preliminary hearings were held in justice of the peace courts, which were not courts of record. The Constitution of Missouri of 1945, Art. V, § 1, abolished justice of the peace courts, created the magistrate courts, and magistrate courts are courts of record. Section 476.010, RSMo 1969, V.A.M.S. Section 476.070 provides that "All courts shall have power

to issue all writs which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law." The magistrate has jurisdiction to conduct preliminary hearings on felony complaints and no information charging a felony may be filed without first affording the accused a preliminary hearing. Criminal Rule 23.02, V.A.M.R.; § 544.250, RSMo 1969, V.A.M.S.

In State v. Haverstick, Mo., 326 S.W.2d 92, the State, relying on Ex parte Saxbury, supra, contended a prisoner confined in the penitentiary under a judgment of conviction could not be required to answer a preliminary complaint of a prosecutor for another felony committed before his incarceration. This court, citing Criminal Rule 25.16 and State ex rel. Billings v. Rudolph, 322 Mo. 1163, 17 S.W.2d 932, held "There is no constitutional or statutory provision prohibiting the trial of a defendant during the time of his incarceration in the penitentiary, and the guarantee by the Constitution of a speedy trial makes no exception of a defendant so incarcerated. * * * Further, the cause pending in the magistrate court was such a 'proceeding pending in such court' that *defendant could have been brought before the court on a writ of habeas corpus ad testificandum or on a writ of habeas corpus ad prosequendum.*" (Emphasis ours.)

Thus, there is ample authority to support the magistrate's power to issue the appropriate writ so as to secure the attendance of the accused at a preliminary hearing, and we hold that the magistrate court does have such power. Ex parte Saxbury, supra, should no longer be followed.

We are not informed as to whether the felony complaint filed in Warren County Magistrate Court is still pending against the principal, Savage, nor whether her presence is still required by that court, and, if so, whether there will be proceedings to secure her attendance. Neither are we informed as to costs or expenses, if any, incurred by the State occasioned by the de-

fault and, therefore, we reverse the judgment of the circuit court and remand the cause for further proceedings not inconsistent with this opinion.

All of the Judges concur.