**STATE ex rel. Forrest BROOKS, Jr.,
Relator-Appellant,**

v.

**Joseph M. BONE, Magistrate Judge,
Respondent.**

No. 56123.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

Harry T. Limerick, Jr., Columbia, for appellant.

Thomas I. Osborne, Prosecuting Atty., Mexico, for respondent.

BARDGETT, Judge.

This mandamus action was instituted by relator-appellant Brooks in the Circuit Court of Audrain County to obtain an order compelling respondent magistrate court judge to grant Brooks a preliminary hearing on a complaint filed before respondent on June 25, 1963, or to dismiss the complaint.

The circuit court issued its alternative writ directed to respondent to show cause why a preliminary writ should not issue. A return was filed and thereafter the court dismissed its alternative writ and relator appeals.

In the trial court and here, relator's position is that he has been denied his constitutional rights to a speedy trial under V.

A.M.S.Const. of Mo.1945, Art. 1, § 18(a), and U.S.Const., Amendments V, VI, and XIV. We have jurisdiction. Const. of Mo.1945, Art. V, § 3.

Relator was convicted of first-degree murder in the Circuit Court of Warren County, Missouri, on June 19, 1963, and sentenced to life imprisonment. He has been incarcerated in the Missouri State Penitentiary since June 30, 1963.

On June 25, 1963, the prosecuting attorney of Audrain County filed a complaint before respondent charging Brooks with robbery in the first degree with a dangerous and deadly weapon. Thereupon, the sheriff of Audrain County filed a detainer on Brooks with the warden of the penitentiary on July 5, 1963.

On July 25, 1969, Brooks requested respondent to hold a preliminary hearing on the complaint noted supra. Respondent denied the request on the grounds that respondent was without power to compel the warden of the penitentiary to produce relator in respondent's court under Ex parte Saxbury, 323 Mo. 194, 18 S.W.2d 1041.

On January 27, 1970, relator requested respondent to dismiss the complaint on the grounds that a preliminary hearing was not held within 180 days after request therefor was made, allegedly in violation of § 222.-100, V.A.M.S., and that the failure to hold the preliminary hearing violated his rights under Art. I, § 18, Const. of Mo.1945, which provides for a speedy trial. On February 3, 1970, respondent overruled relator's motion to dismiss the complaint.

Relator then filed the instant mandamus action seeking to obtain either a speedy trial or dismissal of the case.

■ Appellant contends his rights to a speedy trial under Mo.Const.1945, Art. I, § 18(a), and U.S.Const., Amendments V, VI, and XIV were violated in failing to hold a preliminary hearing. No information nor indictment had been filed against relator. The question of relator's constitutional right to a speedy trial does not arise

until an information or indictment is filed against him. State v. Caffey, Mo., 438 S. W.2d 167, 171. The point is overruled.

■ Next relator contends that our "Uniform Mandatory Disposition of Detainers Law", §§ 222.080–222.150, RSMo 1959, relating to the disposition of certain untried indictments or informations, should be utilized by the courts to grant relief with respect to pending complaints. The 1959 act was not applicable to complaints pending in magistrate courts. State v. Turley, Mo., 442 S.W.2d 75. The Missouri Legislature in 1971 enacted Senate Bill No. 200, Act 159 (Vernon's Missouri Legislative Service, 1971, Vol. 2, p. 386) effective September 28, 1971, which, in part, makes this law applicable to complaints pending in magistrate court against prisoners incarcerated in correctional institutions of the state. The Magistrate Court of Audrain County has forwarded to this court certified copies of its records and they evidence that a preliminary hearing was afforded to relator on November 4, 1971, and therefore that issue is moot.

■ Relator contends the court erred in ruling that the magistrate court could not order production of an individual for a preliminary hearing when the individual is incarcerated in a correctional institution of this state. The circuit court's ruling was made on June 1, 1970. It was premised on and in accordance with Ex parte Saxbury, 323 Mo. 194, 18 S.W.2d 1041. In January 1971, this court, in banc, decided State v. Savage, Mo., 461 S.W.2d 887, and held that the magistrate court had authority to issue the appropriate writ so as to secure the attendance of the accused at a preliminary hearing when the accused is being held by the state in another county. We there directed that Ex parte Saxbury no longer be followed.

At the time this cause was argued, the relator expressed doubt as to whether State v. Savage, supra, overruled Ex parte Saxbury, supra, with respect to the magistrate's authority to cause a person held

in custody of the department of corrections to appear for preliminary hearing. State v. Savage overruled Ex parte Saxbury, and the magistrate court does possess such authority. This, however, does not necessitate a reversal of the trial court here, as the trial court's judgment was correct on other grounds and relator has had his preliminary hearing.

The judgment is affirmed.

HOLMAN, P. J., concurs.

SEILER, J., concurs in separate concurring opinion filed.

SEILER, Judge (concurring).

In my opinion, it is apparent there is a grave question on the face of the record as to whether defendant has not been deprived of his right to a speedy trial, Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26. The complaint has been pending against him for over eight years despite his efforts to get the state to act one way or the other on it. State v. Haverstick (Mo.Sup.), 326 S.W.2d 92, holds the speedy trial provisions apply to a defendant in the penitentiary and it is common knowledge that prosecutors have for a long time successfully used habeas corpus to bring penitentiary inmates into magistrate court to answer complaints. For example, see State v. Caffey (Mo.Sup.), 438 S.W.2d 167, 169. So the state could have proceeded long ago had it so desired.

I concur in the disposition made of the case in the principal opinion, because it appears relator has finally been given the preliminary he seeks and because if relator is bound over and an information filed, I take the language in the principal opinion that the question of his right to a speedy trial does not arise until an information is filed against him to mean that then, in the trial held on the information, defendant can raise and be heard on his claim that delay of over eight years between complaint and trial has deprived him of his right to a speedy trial. That question is not settled in the present proceeding, in which defendant has received one of the two alternatives for which he sought mandamus—to-wit, a preliminary hearing. No evidence is before us at this time as to the extent of the prejudice to defendant from the eight-year delay, not only in the preparation of his defense, but in the way of prejudice outside the courtroom in the penitentiary in respect to difference in his treatment with respect to parole possibilities, work programs, security, rehabilitation, etc., as compared to inmates who are not under detainers (assuming that despite such a long delay, evidence of specific prejudice is required to establish violation of the speedy trial provisions). The place to go into all this is in the trial court by bringing the matter to the attention of the trial court prior to trial by a proper motion or plea to be discharged.