**STATE of Missouri, Respondent,**

v.

**Earl Franklin JONES, Defendant,**

and

**Peerless Insurance Company, Surety-Movant.**

**No. 56956.**

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Assist. Atty. Gen., Jefferson City, for respondent.

Daly & Wendt, Robert A. Hampe, St. Louis, for surety-movant.

HIGGINS, Commissioner.

Proceedings on forfeiture of bail bond in which surety appeals from judgment of forfeiture of bail bond of defendant.

The facts are not in dispute:

On March 13, 1970, Earl Franklin Jones was charged by information with illegal possession of stimulant drug. On March 31, 1970, he as principal, and Peerless Insurance Company as surety, executed a bail bond in sum $3,000 in favor of the State of Missouri conditioned upon personal appearance of Earl Franklin Jones in the Circuit Court of St. Louis to answer the charge and as required by order of the court. The cause was set for trial for November 12, 1970, at which time defendant failed to appear, the court declared forfeiture of the bond and ordered defendant rearrested and his surety notified of the forfeiture. The surety subsequently deposited the amount of the bond with the court to be held pending production of defendant in court.

On March 15, 1971, the State filed motion for judgment of default of the bond, and a hearing was accorded on the motion May 21, 1971. Defendant did not appear. In addition to notice of the foregoing, Nicholas Potsos, a professional bondsman and registered agent of the surety, stated he made investigation to locate defendant and found him in the Sangamon County, Illinois, jail in Springfield, Illinois, awaiting trial. He then requested a detainer from the Sheriff of St. Louis to be placed against defendant. Without release from jail, defendant was convicted of murder, first degree, and sentenced to 45 years' imprisonment in the Illinois State Penitentiary. The detainer was placed with the penitentiary against defendant's release scheduled for December 3, 2010. Mr. Potsos said there was no further action he could take to produce defendant, and conceded that defendant was not in the State of Illinois by any action of the State of Missouri.

According to counsel's statement, "the defense is, when a defendant is being held by operation of law in a jurisdiction other than the jurisdiction where he is due to appear * * * that the court is without authority to take a judgment against a surety on the grounds that he is being held by operation of the laws in another jurisdiction and it is impossible because of the operation of law to produce him * * *. When another state, by process of law * * *, arrests him for an offense in that other state, which isn't a voluntary act on his part, it becomes impossible for him to appear in this court in violation of the law in the other state, and he isn't here."

At the conclusion of the hearing, the court announced the following order:

"Motion called for hearing. Defendant fails to appear or respond. Surety, Peerless Insurance Company, appears by Robert Wendt, Esq. Evidence adduced. Motion granted and judgment entered accordingly." Final judgment was then entered for the State against Earl Franklin Jones as principal, and Peerless Insurance Company as surety, in amount $3,000 with execution to issue.

Appellant now contends the court erred "in failing to use its discretion by refusing to consider the fact that defendant * * * was incarcerated when his appearance bond was forfeited, and in granting judgment for the State * * * upon * * * motion for judgment of default upon the said appearance bond of defendant * * * when * * * [he] was incarcerated at the time his appearance bond was forfeited * * *."

In support of his contention, appellant cites the governing statute, Section 544.640, V.A.M.S., the appropriate rule, Rule 32.13, V.A.M.R., and many of the well-known bond forfeiture cases, i.e., State v. Daigle, Mo., 442 S.W.2d 503; State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927; State v. Savage, Mo., 461 S.W.2d 887; State v. Austin, 141 Mo. 481, 43 S.W. 165; State v. Hammond, Mo., 426 S.W.2d 84; State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522; State v. Adank, Mo., 256 S.W. 768; State v. Horn, 70 Mo. 466; State v. Haverstick, Mo., 326 S.W.2d 92, on the equally well-known bond forfeiture principals they state and apply.

Appellant's argument is "the position and belief" that when the evidence showed defendant was incarcerated at the time the said bond was forfeited, the court should have exercised the discretion granted to him by the rule and statute. Appellant further "feels and believes" that the court erred in not considering the evidence presented by the surety; that the surety met the burden to prove justification or excuse for failure of its principal to appear; that the court failed to consider that evidence, and thus "arbitrarily exercised the discretion granted * * *."

Appellant points to nothing in the record to support these assertions. The statement demonstrates facts upon which a judgment of forfeiture is properly entered; the order of the court recites that such evidence was considered and that, upon such evidence, judgment of forfeiture should be entered. Upon such record it may not be said that the court failed to exercise its discretion simply because it failed to set aside all or any part of the forfeiture.

■ Nor may it be said on this record that the court abused its discretion by failure to set aside all or any part of the forfeiture. A surety is entitled to discharge as a matter of law only when the principal is prevented from making his bonded appearance by an act of God, an act of the law, or an act of the obligee, the State of Missouri; and this defendant's incarceration in Illinois did not come within the province of any of the excuses. State v. Savage; State v. Daigle; State v. Hammond; State v. Wynne; State v. Adank; State v. Horn, all supra. As a consequence, even if, as suggested by dicta, State v. Daigle, supra, 442 S.W.2d l.c. 506, defendant's confinement in Illinois was a "circumstance entitled to consideration," such circumstance does not operate as a discharge as a matter of law; and, as previously noted, it may not be said on this record that the court failed to consider the circumstances of incarceration in a foreign state. The court's determination to charge the surety does not mean that no discretion was exercised; it means only that after consideration of that circumstance with all the evidence, the issue of relief requested by the surety was resolved against the surety.

Recent cases in point include State v. Hammond, supra, 426 S.W.2d l.c. 87 [3], and State v. Daigle, supra, 442 S.W.2d l.c. 505–506 [2–5]; and compare State v. Sav-

age, supra, 461 S.W.2d l.c. 889 [1], where a different result obtains when the incarceration which prevents appearance is elsewhere in the State of Missouri.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.