**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**James TENNYSON, Defendant,**

**Dorothy Bruno, Surety-Appellant.**

**No. KCD 28088.**

Missouri Court of Appeals,
Kansas City District.

June 1, 1976.

J. Martin Kerr, Independence, for surety-appellant.

Ralph L. Martin by Patrick B. Hall, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

This appeal is from an order of the trial court granting the State's motion to enter judgment on forfeiture of a $5,000 recognizance bond executed in the Jackson County Magistrate Court. Appellant Dorothy Bruno is surety. The principal, James Tennyson, was charged with first degree robbery. Tennyson failed to appear for arraignment in the circuit court on September 13, 1973. Judgment against the surety and principal was entered on June 5, 1975 and the trial court ordered that execution issue in the amount of $5,000 plus costs.

In the interim between the failure of Tennyson to appear for arraignment and the entry of judgment, events occurred upon which appellant bondsman's appeal is bottomed.

A federal flight warrant was issued resulting in the arrest of Tennyson in Detroit, Michigan, on May 13, 1974. A United States Magistrate set bond at $10,000, then reduced it to $5,000. Tennyson was released on payment of a ten percent deposit and his promise to voluntarily appear at the Jackson County Sheriff's Office by May 24, 1974. Tennyson has not been heard from since his release in Michigan.

At the hearing on the State's motion for judgment, the bondsman's attorney *stated* that federal authorities in Michigan were contacted by the bondsman. The substance of the alleged communication is unclear. The attorney said, ". . . upon being advised that the defendant was in custody in Michigan the surety . . . contacted the federal authorities . . . to have the removal procedures begun." There is no *direct testimony*, nor do the exhibits indicate anything pertaining to the bondsman's communications with federal authorities in Michigan. There is no evidence about Missouri authorities being involved with the events that transpired in Michigan.

The sole assignment of error is "The trial court erred and abused its discretion by failing to set aside the bond forfeiture in that cause was shown that justice did not require said forfeiture." The claim is that bondsman did all she could possibly do to return Tennyson to Missouri, and but for the negligence of the federal magistrate in admitting Tennyson to bail she would have succeeded in returning him to Missouri.

The surety has the burden to prove justification or excuse for failure to produce the principal. *State v. Savage*, 461 S.W.2d 887 (Mo. banc 1971); Rule 32.12. After forfeiture is declared, Rule 32.12 provides that the surety may show justice does not require forfeiture. If that showing is not made, the court *shall* then on the State's motion enter judgment.

Rather than move to set aside the forfeiture, the bondsman waited two years until the State moved for judgment and then raised as a defense the allegation of the federal magistrate's negligence and the bondsman's efforts to return the principal. Even if this is considered as procedurally appropriate, which may be doubtful, since the interlocutory order of forfeiture is what may be set aside under the rule rather than the judgment upon the forfeiture, there is no *evidence* to support the claim.

No evidence was presented upon which the trial court could in the exercise of its discretion excuse the surety. The claims of negligence of the magistrate and diligence on the part of the surety are supported only by the assertions of appellant's attorney.

The exhibits show only by the unsupported assertions of counsel the defendant's arrest in Michigan and release on a $5,000 bond. The exhibits contain no evidence about the nature of the bondsman's alleged contact with federal authorities in Michigan or her efforts to return Tennyson to Missouri. All that is really clear *from the evidence* is that the surety failed to satisfy the condition of her bond.

■ In argument, the bondsman shifts from a claim of abuse of discretion to one of failure to *exercise* the discretion vested in the trial court by the Rule. A statement of the trial court that it was mandatory under the rule to enter the judgment is relied on to support the assertion that the discretion was not exercised. While it is true that a failure to exercise discretion in acting upon a request to set aside a bond forfeiture is improper [*State v. Wynne,* 356 Mo. 1095, 204 S.W.2d 927 (1947)], such a failure to exercise discretion cannot be predicated upon a record such as this where the surety has so obviously failed in carrying the burden of providing an evidentiary basis for the exercise of judicial discretion.

■ Even assuming the magistrate was negligent and the bondsman was as diligent as possible in her attempts to have Tennyson returned to Missouri, those facts would not establish an abuse of discretion by the trial court in its refusal to set aside the forfeiture. Generally, discretionary exoneration of the surety in Missouri is based on an act of God, an act of the law, an act of the obligee, the State, or an act of a public enemy. *State v. Savage,* supra. The fact that a surety's efforts to return the principal are thwarted by events in a jurisdiction outside the obligee state is not a basis for excusing the surety. The surety is in the first instance at fault for permitting the principal to go out of the state into another jurisdiction. Also, there would be little incentive for sureties to keep the principal from escaping if sureties could be excused on a showing of diligence in attempting to have the principal returned. *State v. Hammond,* 426 S.W.2d 84 (Mo.1968); *State*

*v. Hinojosa,* 364 Mo. 1039, 271 S.W.2d 522 (1954).

The judgment of the trial court is affirmed.

All concur.