STATE of Missouri, Appellant,

v.

ARGONAUT INSURANCE COMPANY
et al., Respondents.

No. 37149.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 17, 1976.
Motion for Rehearing and for Transfer to
Supreme Court Denied Sept. 30, 1976.

Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for appellant.

Samuel Raban, St. Louis, for respondents.

NORWIN D. HOUSER, Special Judge.

The State of Missouri appeals from an order of the St. Louis Court of Criminal Correction denying its motion for judgment following the forfeiture of an appearance bond.

In . a second degree burglary case filed against James Patrick Thomason the defendant, as principal, and Homer Townley, agent for Argonaut Insurance Company, as surety, executed an appearance bond in the sum of $2,500. Thomason failed to appear when his case was called in court, whereupon the court declared the bond forfeited and ordered defendant's arrest. The surety deposited $2,500 with the clerk of the court. Later defendant was apprehended in Los Angeles, California. He waived extradition and was brought back to Missouri, but it was not the surety who returned defendant from California to Missouri. Two officers of the St. Louis Metropolitan Police Department flew to California, took defendant into custody and returned him to St. Louis. The officers incurred legitimate traveling, hotel, taxi, food and other expenses in the sum of $768.66. After defendant was returned to St. Louis, Homer Townley obtained a copy of the appearance bond and appeared before the judge of the St. Louis Court of Criminal Correction, accompanied by defendant, and surrendered defendant on his bond. At the conclusion of the hearing on the state's motion for judgment the judge denied the motion, orally stating the following reasons for the ruling: (1) the $2,500 deposit "is not subject to judgment since the bond forfeiture itself had been set aside by the court"; (2) the court has no jurisdiction to render judgment for the amount of the expenses incurred by the state in producing defendant in this state, and (3) the court must render judgment for the entire amount of the bond or not render any judgment ("the entire amount or nothing").

Section 479.210, RSMo 1969, gives the St. Louis Court of Criminal Correction "power to take recognizances in all cases within its jurisdiction, to declare forfeitures of the same, and award executions upon such forfeitures in like manner and with the same legal effect as the St. Louis circuit court is authorized to do."

■ Upon admittance to bail the defendant's custody is transferred to his sureties, who "know and solemnly contract that the defendant shall appear and abide the orders of the court and in the event of his default are bound by their obligation." *State v. Hinojosa*, 364 Mo. 1039, 271 S.W.2d 522, 524 (1954).

■ "The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record." *State v. Haverstick*, 326 S.W.2d 92, 97 (Mo.1959); *State v. Norton*, 347 S.W.2d 849, 856[11] (Mo. banc 1961).

Rule 32.12 provides for the declaration of a forfeiture if there is a breach of condition of bail, and for setting aside the forfeiture "upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." *State v. Savage*, 461 S.W.2d 887, 889 (Mo. banc 1971), holds that Rule 32.12 "vests the trial court with discretion to remit all or part of the penalty."

Section 544.640 provides for the forfeiture of a recognizance where without sufficient cause or excuse the defendant fails to appear for trial or upon any other occasion when his presence in court may be lawfully required, and provides for a scire facias proceeding to final judgment, unless the penalty is remitted by the court "for cause shown."

Rule 32.11 and § 544.610 provide for the exoneration of the surety at any time before final judgment on a forfeited recognizance upon surrender of the defendant in open court, "upon the payment of all costs occasioned by the forfeiture."

Section 549.020 vests the governor with power to remit the penalty of forfeiture if it appears that by such forfeiture an injustice has been done or great hardship suffered by the defendant which in equity and good conscience would seem to entitle defendant to relief.

*State v. Wynne*, 356 Mo. 1095, 204 S.W.2d 927, 932[14] (1947), holds that reading the sections now numbered 544.640, 544.610 and 549.020 together, if the accused surrenders voluntarily or is produced by the surety (or bailor) before final judgment on the recognizance the surety must, as of right, be released from further liability on payment of the costs; if the accused is produced by police officers and not by the surety, "the court may for cause remit the penalty upon payment of the costs," and the governor may remit with or without the production of the accused and before or after final judgment on the recognizance. *Wynne* further holds that the final wording of § 544.-640 ("unless remitted by the court for cause shown") vests the court with a judicial discretion to remit the penalty for cause at any time before final judgment on the recognizance, "subject to review if arbitrarily and unreasonably exercised either for or against the sureties." 204 S.W.2d l. c. 932, and see *Savage*, supra, 461 S.W.2d l. c. 889.

8 Am.Jur.2d Bail and Recognizance § 169, p. 875: "The general rule is that, in the absence of the principal's wilfulness in defaulting, the sureties may surrender the principal at any time before the entry of final judgment in a proceeding to enforce their liability, and the court may, at its discretion, remit the penalty in whole or in part."

8 C.J.S. Bail § 91, p. 257, in dealing with the subject of remission of penalty on payment of costs, states: "Under statutes so providing, sureties are entitled to relief on surrender of the principal before final judgment against them on paying, or offering to pay all the costs; and, although sufficient grounds may exist for remitting the forfeiture, yet it is generally made a condition to the granting of such relief that the costs accruing up to the time of the granting thereof should be paid, including those taxable by the court and the sheriff's fees, and in addition thereto the expenses, if any, legitimately incurred in the apprehension or recapture of accused, * * *."

In the bond forfeiture case of *State v. Foster*, 512 S.W.2d 448 (Mo.App.1974), in which the surety was relieved of paying the penalty of the bond for cause shown, it was held that all costs and expenses incurred by the state in traveling to a foreign state to

apprehend, transport and produce the defendant in the Missouri court should be paid by the surety.

*State v. Savage,* supra, 461 S.W.2d 1. c. 890, recognizes that even where the default occurs by reason of the act of the state in holding the defendant elsewhere in Missouri "the surety may be required to pay the costs and expenses incurred by the state occasioned by the default."

In this state of the law we rule as follows:

■ 1. The St. Louis Court of Criminal Correction had jurisdiction to entertain the state's motion for judgment in the proceeding to obtain a judgment of default based on the bond forfeiture.

■ 2. The court erred in setting aside the bond forfeiture without giving the state notice and an opportunity to be heard on the question of the state's right to judgment for the penalty of the bond or to secure reimbursement of legitimate expenses incurred by the state in effecting a return of defendant from California.

■ 3. The surety was not entitled to complete exoneration as a matter of law upon surrender of defendant in open court because the surety defaulted in its obligation to produce defendant, thereby putting the state to the expense of bringing him back to this jurisdiction—an expense for which the surety may be held responsible.

■ 4. The court erred in ruling that it had only power to render judgment for the entire amount of the bond or not to render any judgment thereon, for if in the exercise of its judicial discretion the court remits the penalty of the bond it has the power either to remit the penalty in whole or in part.

■ 5. The court erred in not exercising its judicial discretion on the matter of remitting the penalty of the bond.

■ 6. In case the court remits the entire $2,500 the court has the power to impose a condition that the surety pay all of the court costs and in addition pay the aforesaid expenses incurred by the state.

Accordingly, the order of May 23, 1975 is reversed and the cause is remanded to the St. Louis Court of Criminal Correction with instructions to set aside and vacate the order of May 23, 1975, and to exercise its judicial discretion in the matter of remitting the penalty of the bond and in the matter of attaching a condition or conditions to any order entered remitting the penalty.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.