STATE of Missouri, Respondent,

v.

Donald Lee MERCER, Defendant,

and

Surety Insurance Company of California, Surety-Appellant.

No. KCD 30312.

Missouri Court of Appeals, Western District.

June 29, 1979.

Robert L. Knapp, Independence, for appellant.

John Ashcroft, Atty. Gen., Steven Scott Clark, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Surety Insurance Company of California, appellant herein, executed and filed with the circuit court a bail bond guaranteeing the appearance of Donald Lee Mercer to answer a charge of robbery then pending. The case was subsequently tried, Mercer was convicted and punishment was assessed at ten years. Pending disposition of the new trial motion, Mercer was released on a continuation of the prior bond.

On the date set for hearing and disposition of the new trial motion, Mercer failed to appear. The bond was declared forfeited and a warrant was ordered for Mercer's arrest. Some six months later, Mercer had not been apprehended and the state then proceeded on motion to obtain judgment against appellant for the penal sum of the bond. After hearing, the court entered judgment and the surety prosecutes this appeal contending that the evidence presumptively established Mercer's suicide and that appellant should have been exonerated from liability.[1]

1. The state has filed with this court a letter attaching the affidavit of the records officer of the Missouri State Penitentiary and photocopies of inmate record cards showing receipt in custody on delivery December 8, 1978 from Jackson County of Donald Lee Mercer. No response to this communication has been made by appellant and oral argument having been

Evidence offered by appellant at the hearing on the state's motion for judgment was to the effect that Mercer, facing confinement, had elected to take his own life by jumping from the rail of the Lewis and Clark Viaduct near the Missouri-Kansas state line. In summary, the evidence established that Mercer's car had been found on the bridge after police had received an anonymous telephone report of a man seen jumping, that notes in Mercer's handwriting had been dispatched to his family and that surveillance by an agent of appellant acquainted with Mercer and his habits had failed to uncover any trace of the fugitive. The trial court concluded that the evidence was insufficient to prove Mercer's suicide.

In resisting forfeiture and judgment on a bail bond by reason of non-appearance of the principal, the burden is on the surety to show justification or excuse. *State v. Hinojosa,* 364 Mo. 1039, 271 S.W.2d 522 (1954); *State v. Daigle,* 442 S.W.2d 503 (Mo.1969). Remission of the bond penalty is a subject for the exercise of judicial discretion by the trial court to be reviewed and disturbed on appeal only if arbitrarily and unreasonably exercised either for or against the surety. *State v. Wynne,* 356 Mo. 1095, 204 S.W.2d 927 (1947).

Appellant's only contention on this appeal is that failure to remit the penalty was an abuse of the trial court's discretion and was arbitrary because the decision was against the weight of evidence persuasive as to Mercer's death.

Review in this court-tried case is pursuant to Rule 73.01 as in suits of an equitable nature. In such matters, the appellate court may set aside a judgment as against the weight of the evidence but only when possessed of a firm belief that the decree or judgment is wrong. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Appellant presented a case of circumstantial evidence from which two possible conclusions could have been reached, each consist-

ent with the same facts. The first was that Mercer had committed suicide and the second was that Mercer had arranged his disappearance under circumstances which would suggest his suicide and deter or delay pursuit. As no conclusive evidence of Mercer's death was supplied, neither result may be excluded as a possible decision consistent with the evidence.

The trial court here was not satisfied that the quantum of proof was sufficient to invoke the discretionary exoneration of the surety on the grounds generally recognized in Missouri, an act of God, an act of the law, an act of the obligee, the State, or an act of a public enemy. *State v. Tennyson,* 537 S.W.2d 858 (Mo.App.1976); *State v. Savage,* 461 S.W.2d 887 (Mo. banc 1971). It cannot validly be contended that a wrong result was reached when the trial court concluded, as he did, that appearance of Mercer's suicide had been contrived. No abuse of discretion is shown.

The judgment of the trial court is affirmed.

All concur.

---

waived, the subject has not been further elucidated. Despite the conclusive effect which subsequent apprehension of Mercer would accomplish to dispel former doubt regarding his

death, the matters related in the state's letter have not been properly brought before this court, are not within the record of the case and are not considered in this opinion and decision.