STATE OF MISSOURI, Respondent, v. STEVENS, etc., Appellant.

### St. Louis Court of Appeals, December 1, 1908.

1. **PRACTICE IN CRIMINAL CASES:, Forfeiture of Recognizance: Scire Facias: Demurrer: Waiver.** A recognizance was taken for stay of execution on conviction for misdemeanor and a *scire facias* was issued against the defendant and his surety, which showed on its face that the recognizance was not taken to stay execution, but was taken as bail for the defendant's appearance on a certain day, the surety demurred to the writ of *scire facias*. When his demurrer was overruled, by answering to the writ, he waived his demurrer.

2. ————: ————: ————: ————. A demurrer in such case goes not only to the writ itself, but to the entire record.

3. ————: ————: ————: ————. Where the record in such case on appeal shows no bill of exceptions and there is nothing to inform the court whether or not the writ was amended to conform to the record before the filing of the answer, and where it appeared from the entire files and record in the original cause that the State was entitled to a forfeiture, the judgment will be allowed to stand, regardless of defects and mistakes in the writ itself.

Appeal from St. Louis Court of Criminal Correction.— *W. L. Fitzgerald,* Judge.

AFFIRMED.

*Henry G. Offenbacher* for appellant.

(1) The bond was invalid for any purpose under the terms of the judgment. The bond is conditioned for the surrender of Howard in execution in the court on a day named therein, but the court had no jurisdiction over his person under the judgment and the bond was void. (2) The defendant was wrongfully permitted to depart the court on the 9th day of March, 1907, without consent of the surety who delivered him therein on that day. State v. Moon, 57 Mo. App. 666; State v. Mackey, 55 Mo. 51.

GOODE, J.—There is no bill of exceptions in this cause, but appellant assigns error on the record proper. Various papers contained in the roll show defendant M. A. Howard was complained of in the St. Louis Court of Criminal Correction for an offense, and was arrested under a capias on November 8, 1906. On January 7, 1907, he entered into a recognizance with appellant Stevens as security, which recited that the judge of the court of criminal correction had that day, in vacation, granted a stay of execution on a judgment rendered by said court on November 17, 1906, against said Howard for a fine of fifty dollars and costs, and had ordered said defendant to enter into a recognizance for $200, conditioned that he should appear in court on March 7, 1907, surrender himself on execution in said court on said day, and obey and abide every order and judgment which should be made and rendered in said cause of the State of Missouri against him; further, that if said Howard should personally appear before the court of criminal correction on March 9th, surrender himself on execution, obey and abide every order and judgment which might be made in the cause of the State against him, and not depart the court without leave, the recognizance should be void; otherwise remain in full force and effect. A writ of *scire facias* was issued April 8, 1907, reciting that whereas Howard, as principal, and Stevens, as security, had on January 7th entered into a recognizance in the sum of $200, conditioned that said Howard should appear before the court on March 9th, to answer to a charge preferred against him (naming the charge) and should not depart without leave; that said Howard on April 6, 1907, which was one of the days to which the cause was lawfully continued, although solemnly called to come into court and save his recognizance, came not, but made default, etc.; wherefore it was ordered by the court the recognizance of said Howard and said Stevens be forfeited, and a

writ of *scire facias* be issued against them, and the cause continued, and the sheriff was commanded to make known to the said Howard and Stevens that they appear before said court on May 11, 1907, and show cause, if any they could, why the State of Missouri should not have execution against them for the debt aforesaid and in the form aforesaid, by them acknowledged to be due by the force of said recognizance. Appellant Stevens appeared pursuant to summons and demurred to the writ of *scire facias* on the ground it did not state facts sufficient to constitute a cause of action, praying therefore the writ might be dismissed. This demurrer was heard and overruled. Appellant afterwards answered and on August 5th judgment went against him in favor of the State for the amount of the debt, or fine against Howard, and the accrued costs. Certain entries from the record in the cause of the State against Howard are contained in the present roll which show he was convicted on December 19, 1907, of the offense wherewith he stood charged, and his punishment assessed at a fine of fifty dollars, and also that the accrued costs were assessed against him. Judgment was entered on this finding and verdict, January 7, 1907, but a stay of execution was granted by the court, the record reciting a stay bond was filed returnable March 9, 1907, on which day the cause was continued to April 6th. On the latter day Howard made default when called, and the court ordered the recognizance forfeited, both as to him and appellant, his surety; that *scire facias* issued against them, and the cause be continued to May 11th. On May 11th an alias writ was issued and the cause continued to June 8th, and then to July 13th, when appellant's demurrer was filed to the writ. On July 27th the demurrer was overruled and the cause continued to August 3d, when appellant answered and on August 5th there was a hearing and judgment given against appellant. The error assigned is that the recognizance shows on its face it was taken after judgment

and was for stay of execution; whereas the writ of *scire
facias* shows on its face it was not taken on a stay of
execution, but as bail for defendant's appearance on
March 9th, or any future day to which the cause might
be continued, to answer the information or complaint
which had been filed against him. Appellant is right
about the facts, but it does not thence follow the judg-
ment of forfeiture should be reversed. By answering
after his demurrer to the writ of *scire facias* had been
overruled, appellant waived the demurrer; which, in-
deed, was general and not specific, and if a demurrer
to such a writ went only to the writ itself, this demurrer
ought to have been overruled, because the writ by itself
shows a cause of action. However, as will be pointed
out, a demurrer in this kind of a case goes to the record
and neither to the recognizance nor the writ of *scire
facias;* that is, not solely to them. Other things might
have happened after the demurrer was overruled where-
of we are not informed, because no bill of exceptions was
taken. For aught we know, the writ was amended to
state the facts in conformity to the record. It was said
by the Supreme Court in a case cited infra, that though
a proceeding on a *scire facias* taken in a criminal cause
is a mere continuance of an existing proceeding to en-
force the collection of a confessed debt, it partakes of the
nature of a civil action under the code and will be gov-
erned by the same rules. [State v. Morgan, 124 Mo.
loc. cit. 475.] We suppose, if it was necessary to amend
the writ, it could be done; in which case the appellant
could not avail himself of any error which may have
occurred in permitting the amendment, as he has pre-
served no exceptions. But the essential rule in the dis-
position of this cause is, that the demurrer goes to the
files and record in the original cause, and if it appears
from them the State was entitled to a forfeiture, the
judgment will be allowed to stand regardless of defects
or mistakes in the writ itself, which is a comparatively
unimportant document except as a summons. The sub-

ject was gone over by Judge LEONARD in State v Randolph, and the rules regulating proceedings by *scire facias* to forfeit criminal recognizances settled as they now prevail. In said cause a recognizance had been taken by a justice, conditioned that if Robert D. Randolph should appear in the circuit court of the county on the first day of the next term, to answer any indictment which might be preferred by the grand jury "for assault, beat and cut, on purpose with malice aforethought, whereof he stands charged, and will not depart the same without leave of said court; then this recognizance to be void, otherwise to remain in full force." The recognizance was certified as having been taken by Zadok Hook, J. P., and was filed in the office of the circuit clerk on the same day a transcript was filed, certified by W. B. Tucker, J. P., which recited the case against Robert D. Randolph and came on to be heard before said Tucker September 15th, and after an examination of the witnesses, had been certified to the circuit court and the defendant required to enter into a recognizance in the sum of $250 for his appearance in said court. Afterwards a forfeiture of the recognizance was entered in the circuit court and a *scire facias* issued, as in the present case, which writ recited the recognizance had been taken before "W. B. Tucker, otherwise Zadok Hook, Justice of the Peace in and for Calloway county." A demurrer was filed to the writ and W. B. Tucker was permitted to add to the recognizance *nunc pro tunc,* that it had been taken, and certified before him. The grounds of the demurrer were: the recognizance was invalid because it did not appear the principal recognizor was charged with any crime for which he might be admitted to bail. This ground went to the sufficiency of the statement of the crime in the bond and was held immaterial, because the accused was bound to appear and answer any indictment which might be found against him. The other ground was a material variance between the *scire facias*

and the recognizance, in that the latter showed it was taken and certified by Zadok Hook; whereas the writ showed it to have been taken and certified "by Zadok Hook, otherwise W. B. Tucker, Justice of the Peace." The variance between the writ of *scire facias* and the recognizance regarding what justice took the recognizance, was treated as immaterial, because the demurrer went to the entire record, including all the entries and files in the case, and not to the writ; and if it appeared from the files and record the State was entitled to an execution for its debt, the demurrer ought to be overruled without reference to defects or errors in the writ, which was said to be a continuation of an existing proceeding to enforce the collection of a debt confessed. The recognizance was said to be an acknowledgment before some proper court or officer, of a debt due the State, which had been suspended on condition that the accused appear in court at the appointed time. In the present case, notwithstanding the misrecital in the writ, it conclusively appears from the entire record, the State is entitled to a forfeiture of Howard's recognizance and to execution for the amount of his fine and costs. It is provided by statute a recognizance may be taken on stay of execution, as the one in controversy was, conditioned on a defendant's surrendering himself in execution at the time and place fixed by the sentence against him, or on any day named in the order. [R. S. 1899, sec. 2695.] The doctrine of State v. Randolph was applied in State v. Potts, 60 Mo. 368, a proceeding by *scire facias* on a criminal recognizance in which a demurrer was filed to the writ, and setting up also that the recognizance itself was uncertain as to the date when the principal should appear. The court said a substantial defect in the recognizance could not be taken advantage of by demurrer; "for a demurrer to a *scire facias* on a forfeited recognizance, is not taken as to what appears in the writ or recognizance, but to what appears

of record." As touching this question and supporting the judgment below, we refer also to R. S. 1899, sec. 2554; State v. Morgan, 124 Mo. 467; State v. Able, 170 Mo. 59 and State v. Eyermann, 172 Mo. 294.

The judgment is affirmed. All concur.