## CITY OF ST. LOUIS v. CHARLES SMITH and HENRY HENNING; HENRY HENNING, Appellant.

**Division One, June 1, 1911.**

1. **RECOGNIZANCE: No Service: Appearance.** Although the return shows no service of the *scire facias* writ on the surety in the appearance bond, yet, if on the same day after judgment was rendered against him in the police court he appealed to the court of criminal correction, and appeared in that court and filed a motion to quash the writ, which being overruled, he filed an answer and went to trial, the judgment thereafter rendered in the latter court is not void, for lack of jurisdiction over his person.

2. ————: **Jailer of Defendant's Choosing.** The surety on a recognizance bond is the jailer of the defendant's own choosing, with whom and for whose benefit, and not for the benefit of the court, he has entered into a joint and several obligation to make his custody effective; and there is no reason why this should impose upon the court any new duty of watchfulness or guardianship, either for defendant or his surety.

Appeal from St. Louis Court of Criminal Correction.
—*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

The return simply states, "Executed the within writ in the city of St. Louis on this 26th day of October, 1906." The name of the appellant is not mentioned, nor any statement whatever as to how it was executed. There is nothing to show that this appellant was ever advised in any way that a writ of *scire facias* had been issued against him before the police justice undertook to render a judgment against him; and the statement in the purported record that the writ was executed "by delivering a true copy" to this appellant

is wholly without foundation. For this reason, the judgment of the police justice was beyond his jurisdiction and wholly without support.

*Lambert E. Walther* and *A. H. Roudebush* for respondents.

BROWN, C.—The record in this case is the same so far as it affects any question in issue in this appeal, as the record in the case of City of St. Louis v. Harry Young and Henry Henning, reported at page 44 of this Report, with the exception that the only return upon the writ in this case is as follows:

"Executed the within writ in the city of St. Louis on this 26th day of October, 1906. After due and diligent search by the marshal, the within named Charles Smith could not be found in the city of St. Louis. "GEO. P. WEINBRENNER, City Marshal; "By J. Hillman, Deputy City Marshal."

The appellant insists that, there being nothing in the records to show that the writ of *scire facias* was served on him, the police court had, therefore, no jurisdiction of his person and ought not to have rendered judgment against him.

The writ was returnable into the police court where it was tried, resulting in a judgment against the appellant. On the same day he appealed to the Court of Criminal Correction, where he filed a motion to quash the writ, which was overruled. He then filed an answer and went to trial with the same unfortunate result. No notice could do more than to secure his presence at the trial, and he was there, and had his day in court. As to the failure of the court to issue an *alias* writ and to secure service or another return *nihil* as to the principal, we cannot express our opinion in clearer terms than by a quotation from the

235 Sup.—5

opinion of this court by the late Judge BURGESS in the Eyermann case, as follows: ''While the record does not show that the court had jurisdiction over the principal in the bond (Kratz), nor that the proceeding was dismissed as to him, it does show that it had jurisdiction over Eyermann, Jr., and that judgment was rendered against him only, and the bond being joint and several, the judgment was in effect a dismissal as to Kratz. [State v. Abel, 170 Mo. 59.] And as was said in effect in the case last cited, 'at most the omission to order a formal dismissal as to Kratz was an irregularity which in no way affected the substantial rights of this appellant.' ''

There is a phase of the obligation of the surety in these cases that is sometimes overlooked by the courts. He is the jailer of the defendant's own choosing, with whom and for whose benefit, and not for the benefit of the court, he has entered into a joint and several obligation to make his custody effective to the extent of his pecuniary undertaking. There is no reason why this should impose upon the court any new duty of watchfulness or guardianship, either for himself or his principal. Such a construction would greatly impair one of the most useful purposes of the relation he assumes.

The judgment of the lower court is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court.

All the judges concur.