STATE OF MISSOURI, Appellant, v. SPENCER SALISBURY, Respondent, and VICTOR M. HINOJOSA, Defendant, No. 44019—271 S. W. (2d) 522.

Division Two, September 13, 1954.

Motion for Rehearing or to Transfer to Banc Overruled, October 11, 1954.

1040

*Richard K. Phelps,* Prosecuting Attorney, for appellant.

*John M. Dalton,* Attorney General, and *Aubrey Hammett, Jr.,* Assistant Attorney General, for appellant.

*Jack G. Beamer* and *Stubbs, McKenzie, Williams, Merrick & Gibson* for respondent, Spencer Salisbury.

BOHLING, C.—Victor M. Hinojosa was convicted of manslaughter by culpable negligence in the Circuit Court of Jackson County and sentenced to imprisonment for ten years. He appealed and entered into a recognizance, with Spencer Salisbury as surety, in the amount of $10,000 to abide the judgment and orders of the courts in the premises. His conviction was affirmed. State v. Hinojosa, Mo., 242 S. W. 2d 1. (Quod vide.) Upon default occurring, this court entered of record an order of forfeiture of said recognizance on October 8, 1951, and ordered our clerk to certify the same to the Circuit Court of Jackson County to be proceeded with according to law. Upon the issuance of scire facias, proceedings were had resulting in the entry of a judgment on October 31, 1952, so far as material here, sustaining the forfeiture of said recognizance and for the issuance of an execution against the surety in the sum of $500, the surety to stand fully released and discharged on the payment of $500 and costs. The State has appealed.

In State v. Gross, 306 Mo. 1, 275 S. W. 769, the majority opinion was overruled and the minority opinion in State v. Wilson, 265 Mo. 1, 175 S. W. 603, was adopted as declaring the law of this State. The minority opinion in the Wilson case (l.c. 25, 26, and 609, respectively), considered the forfeiture of a recognizance to create a debt of record, in the nature of a judgment, and the proceedings in connection therewith "a *civil* action pure and simple, and should be dealt with accordingly."

The State claims error in discharging the surety from liability under the $10,000 recognizance upon the payment of $500 and costs. We have jurisdiction because the amount in dispute exceeds $7,500.

Under § 510.310 (statutory references are to RSMo 1949) of our civil code appellate courts review cases tried upon the facts without a jury upon both the law and the evidence as in suits of an equitable nature. The instant forfeiture was ordered in this court with directions to the trial court to proceed therewith in accordance with the law.

The surety relies on §§ 544.640, 549.020, and State v. Wynne, 356 Mo. 1095, 204 S. W. 2d 927, 932. Section 549.020 relates to the power of the Governor to remit the penalty of a recognizance and is not directly involved here.

Section 544.640, so far as material, provides: "If, without sufficient cause or excuse, the defendant fails to appear * * according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by scire facias to final judgment and execution thereon, although the defendant may be afterward arrested on the original charge, unless remitted by the court for cause shown." (Consult Supreme Court Rule 32.12, effective January 1, 1953.) Similar statutes have been considered declaratory of the common law. Southard v. People, 74 Colo. 67, 219 P. 218, 219[6, 7]; United States v. Von Jenny, 39 App. D.C. 377, 380; Commonwealth v. Craig, 6 Rand. (Va.) 731, 733.

In State v. Wynne, supra, a majority of Division One of this court held that the clause "unless remitted by the court for cause shown," when viewed in the light of the whole of § 544.640 and other pertinent statutory enactments, related to the whole of § 544.640, and that a trial court, while the matter is pending before it, may for cause remit the penalty at any time before final judgment on the recognizance upon payment of costs even though the accused is not produced or is produced by peace officers and not by the bailor.

The State contends the surety failed to meet the burden resting upon him to excuse or justify said remission of the penalty of the recognizance, stating, in view of the above ruling in the Wynne case, it is not contending in the instant proceeding that the legislative intent was to allow a remission of the penalty of a recognizance only in the event the fugitive was "afterward arrested on the original charge."

In the circumstances of record sureties have the burden of excusing or justifying the failure of the fugitive to appear in compliance with the conditions of the recognizance. State v. Adanks, Mo., 256 S. W. 768[2]; State v. Potts, 60 Mo. 368.

The propriety of the court's action rests on the testimony of Spencer Salisbury, the surety. He testified: He had no knowledge Hinojosa intended to leave the jurisdiction. After our mandate reached the circuit court he endeavored to communicate with Hinojosa and was informed "he was gone." He informed the prosecuting attorney's office he wanted Hinojosa extradited from Mexico and the Department of State of the United States advised that one convicted of manslaughter was not extraditable from Mexico. He offered a reward of $1,000 for Hinojosa, dead or alive. He was in Mexico City ten days in August, 1952. He talked to many persons. Some could not understand him and he could not understand them. Some said Hinojosa was some place else or might be dead. He gave the Captain of Police all the information he had. They could not help him. "They thought he was dead." The Captain of Police did not "understand me very well" and "didn't even pretend to know" whether Hinojosa was living. The

Captain of Police told him Hinojosa had been in Mexico City, but the Captain did not personally know Hinojosa. He hired a fellow who said he was a private detective and who "came up" with a death certificate for Victor M. Hinojosa on a printed form that was not signed. He paid the private detective $11 for three days' work, but he "probably wasn't worth 11 cents." He did not talk to the Governor or the President of Mexico. He received no security to protect his liability. Witness did not know whether Hinojosa was dead.

It is stated in State v. Wynne, 356 Mo. 1095, 204 S. W. 2d 927, 930[8], that upon admittance to bail the custody of the defendant is transferred to his sureties. See also St. Louis v. Smith and Henning, 235 Mo. 64, 66, 138 S. W. 11, 12; State v. Hyde, 234 Mo. 200, 259, 136 S. W. 316, 334[33]; Taylor v. Taintor, 16 Wall. (83 U. S.) 366, 372, 21 L. Ed. 287, 290.

This is not a case involving the failure of a defendant to appear at some step in the trial proceedings. In the instant circumstances the power vested in the courts under § 544.640 should be exercised only in exceptional cases. Recognizances are not taken to enrich the treasury. They rest in humanity to an accused, and their obvious and main purpose is the enforcement of the criminal laws that defendant appear for trial or sentence. Good faith is not involved. Sureties know and solemnly contract that the defendant shall appear and abide the orders of the court and in the event of his default are bound by their obligation. Recognizances are not idle forms. If sureties, who have it in their power to insure compliance by a defendant, may be relieved because they make diligent effort for his arrest as a fugitive there exists little inducement for diligence on their part in the first instance to prevent his escape. To exonerate sureties for such reason would seriously impede the declared public policy of the State for the prevention and punishment of crime. It is more important that an accused be forthcoming for trial and of greater importance that he be forthcoming for sentence than that the expense of keeping him in prison be avoided. A lax administration of laws for the prevention or punishment of crime is not for the best interests of society and is not justified.

We think it clear the surety has not established by competent probative evidence any ground for relief. He admits he made no case on the theory the return of the fugitive was prevented by an act of God; an act of the law; an act of the obligee, or an act of a public enemy. State v. Wynne, supra. The fugitive's default was willful. The trial had been had and his conviction affirmed. Evenhanded public justice calls for his punishment. The facts regarding his presence in Mexico are vague and indefinite. Material facts should not rest in hearsay and conclusions as in the instant record. While we understand that under the treaties with Mexico manslaughter is not an extraditable offense, the record does not definitely locate Hinojosa in

1044

Mexico. The Captain of Police did not personally know the fugitive. The surety's hearsay testimony does not establish that said official, if present in court, could have given probative evidence on the fugitive's presence in Mexico. The surety did not contact any official vested with authority to ascertain if in the circumstances of the instant case extradition might be had under the principle of comity. The offering of a reward for a fugitive's return does not establish due diligence. There is no supporting evidence of the publication of a reward or a deposit of the money. The surety considered the private detective he employed not worth eleven cents. The officers discharge their duties to society, not to the surety, and their unsuccessful efforts or a surety's cooperation should not exonerate the surety. The surety solemnly obligated himself to pay the penalty upon Hinojosa's default. There is no showing of any diligence prior to Hinojosa's escape, the time the surety should have been alert and not negligent, or that the surety contacted any of the fugitive's relatives or friends. We find no extraordinary and unusual circumstances justifying the avoidance of the willful breach of the obligation assumed for the State's surrender of the custody of the fugitive. State v. Adanks, Mo., 256 S. W. 768[1]; Estep v. State, 183 Tenn. 325, 192 S. W. 2d 706, 712[18]; Fleenor v. Commonwealth, 308 Ky. 1, 213 S. W. 2d 313.

The judgment is reversed and the cause is remanded with directions to enter judgment sustaining the forfeiture of the recognizance entered in this court and issue execution thereon in the principal amount of the recognizance. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Leedy,* Acting P.J., and *Anderson* and *Broaddus,* Special Judges, concur.