**STATE of Missouri, Respondent,**

v.

**Wardell Hardin PATTERSON, Jr., as Principal and Midland Insurance Company, Appellants.**

**No. 35582.**

Missouri Court of Appeals,
St. Louis District,
Division 2.

April 2, 1974.

See also, Mo., 484 S.W.2d 278.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Mexico, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for defendant-respondent.

Hill, McMullin & Wilson, James L. McMullin, Kansas City, for appellants.

CLEMENS, Acting Presiding Judge.

Appeal from a bond forfeiture.

Defendant Patterson was convicted of second-degree murder on April 16, 1970. After successfully appealing his conviction he was released on $7,500 bond. Retrial was set for January 3, 1973 but defendant failed to appear because he was in custody in Colorado pending trial there. Defendant moved procedurally to avoid a bond forfeiture. On January 23, 1973 prior to trial in Colorado defendant filed with the trial court a notice of his "imprisonment" in Colorado pursuant to the Agreement on Detainers (§ 222.160 RSMo 1969, V.A.M.S., 1971 Supp.) and requested disposition of the charges against him in Missouri. On February 7, 1973 a hearing was had in Montgomery County on a motion for judgment on default on the bail bond and the motion was granted.

The surety has appealed the forfeiture contending Missouri had failed to request Colorado to release Patterson for his trial here under the Agreement on Detainers Act, § 222.160, RSMo 1969, V.A.M.S., effective June 21, 1971.

The issue is whether the trial court erred in ruling defendant had forfeited his bond. Earlier cases have held that incarceration in a sister state is simply "one circumstance" for the trial court to consider and that fact alone will not cause a release of the surety as a matter of law. State v. Daigle, 442 S.W.2d 503 (Mo.1969). Ordinarily, there are only three grounds for discharge of a surety as a matter of right: defendant must be prevented from appearing because of (1) an act of God, (2) an act of law or (3) an act of an obligee. State v. Jones, 491 S.W.2d 241 (Mo.1973). These rules have precluded a bond forfeiture when a defendant was held in another county in Missouri and could not appear for trial. State v. Savage, 461 S.W.2d 887 (Mo.1971). The question here is whether defendant Patterson complied with the Agreement on Detainers.

The practice before the Agreement on Detainers was that when Missouri had an untried indictment on a defendant incarcerated in a sister state, a detainer would be placed on defendant there and he would not be tried in Missouri until he had

served his sentence in the other state. The new practice allows such a defendant to petition to be brought into Missouri and be tried here on the pending Missouri charge. In this way defendant's rights to speedy trial are upheld and the rehabilitation process is not unduly impeded.

■ An examination of the facts here shows defendant Patterson did not comply with the Agreement. It applies to a person who has "entered upon a term of imprisonment" in another state and "a detainer has been lodged against the prisoner." When defendant Patterson sought relief in Missouri he had neither been "imprisoned" in Colorado nor had Missouri lodged a detainer against him. Missouri then had no power to return Patterson for trial here.

The fact that defendant was later brought back to Missouri after being formally sentenced and imprisoned in Colorado bears this out. Defendant suffered no injustice, as he claims, for this state's failure to bring him back to Missouri and avoid forfeiture of his bond because defendant was not yet in compliance with the Agreement on Detainers.

Since defendant Patterson did not comply with the Agreement on Detainers we need not rule on the hypothetical question of what effect a defendant's compliance would have on a motion of bond forfeiture.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.