**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Larry Dean FOSTER, Defendant-Principal,**
**and**
**David K. Van Hecke, Surety-Appellant.**

**No. KCD 26705.**

Missouri Court of Appeals,
Kansas City District.

July 1, 1974.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1974.

Application to Transfer Denied
Sept. 9, 1974.

Thomas J. Cox, Jr., Kansas City, for surety-appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

Surety appeals from judgment on forfeiture of the bail bond of defendant.

The facts are undisputed:

Larry Dean Foster was charged with stealing a motor vehicle. On January 7, 1972, he, as principal, and David K. Van Hecke, as surety, executed a bail bond in the sum of $1,500 in favor of the State of Missouri, conditioned upon the personal appearance of Larry Dean Foster in the Circuit Court of Jackson County as required by the order of said circuit court. The cause was set for September 11, 1972, at which time he failed to appear. The court declared a forfeiture of the bond.

On February 22, 1973, the State filed a motion for judgment on bond. On February 23, 1973, the surety filed application to set aside bond forfeiture. On March 30, 1973, a hearing was held on the motions. Defendant did not appear.

David K. Van Hecke, a professional bondsman, as surety, stated he made investigation to locate defendant and found him in the Kansas State Penitentiary in Lansing, Kansas, serving a one- to ten-year sentence. He then requested a detainer from the Sheriff of Jackson County to be placed against defendant. The detainer was placed with the penitentiary against defendant's release. The surety had advised the prosecuting attorney's office of defendant's custody in the Lansing Penitentiary.

Pursuant to Section 222.160, RSMo 1971, V.A.M.S. the defendant had, on March 6, 1973, filed a written request for disposition of the charges against him. Section 222.-160 requires that charges be disposed of by the State of Missouri within 180 days of the filing of the request for disposition by defendant; otherwise, they shall be permanently dismissed. The Kansas authorities had executed the offer to deliver temporary custody to Missouri for prosecution.

The trial court overruled surety's motion to set aside bond forfeiture and sustained the State's motion for judgment on bond.

Surety appeals contending, "the trial court erred in . . . entering judgment against the surety for the reason that the surety was discharged as a matter of law due to the State of Missouri's failure to return the defendant from the State of Kansas for trial. . . . [and] . . . abused its discretion . . . for the reason that the principal-defendant and the surety did everything within their respective powers to return the principal-defendant to Jackson County, Missouri, for trial, and failed only because the State-obligee failed to co-operate . . ."

■ Failure to appear caused the bond forfeiture pursuant to Section 544.640, RSMo 1969, V.A.M.S., and Rule 32.12, V.A.M.R. Bail bond forfeiture and judgment thereon against surety is a civil action to enforce the surety's contract with the State, and its determination must rest upon the principles of law applicable to actions on contracts. State v. Haverstick, 326 S.W.2d 92 (Mo.1959); State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781 (1944); Gross v. Gentry County, 320 Mo. 332, 8 S.W.2d 887 (banc 1928); State v. Gross, 306 Mo. 1, 275 S.W. 769 (banc 1924); State v. Stevens, 134 Mo.App. 115, 114 S.W. 1113 (1908). A judgment pursuant to Rule 32.12 is also civil in nature and considered an action to enforce the contract provision of the bond. State v. Virgilito, 377 S.W.2d 361 (Mo.1964).

■ The purpose of recognizance is to secure the attendance of the defendant.

State v. Haverstick, supra. Defendant's bond was conditioned in part that he appear in court as required by said court. Defendant by failing to appear incurred the risk of forfeiture. State v. Haverstick, supra. Implicit in the surety's relationship to the defendant-principal is that the surety incurs the risk of the forfeiture when defendant fails to appear. 50 Am.Jur., Suretyship, §§ 2, 3 (1944). Upon admittance to bail the custody of the defendant is transferred to his sureties. 6 Am.Jur., p. 85, § 93; State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522 (banc 1954); State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927 (1947). Recognizances are not taken to enrich the treasury; their main purpose is the enforcement of the criminal laws and to insure that defendant appear before court when required. State v. Hinojosa, supra.

"The office and purpose of scire facias under § 544.640 are to notify the sureties of the default of the principal 'and afford them an opportunity to show cause why execution should not be awarded against them,' State v. Austin, 141 Mo. 481, 43 S.W. 165, 167, and the function of the motion for judgment under Criminal Rule 32.12 is the same. State v. Hammond, Mo., 426 S.W.2d 84, 86.

"The burden is on the surety to prove justification or excuse for the failure of the principal to appear in compliance with the conditions of the bond. State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522, 524; State v. Daigle, Mo., 442 S.W.2d 503, 506; State v. Adanks, Mo., 256 S.W. 768." State v. Savage, 461 S.W.2d 887, 889 (Mo. banc 1971).

In oral argument, it was stated that the State dropped its only charge pending against defendant within thirty days of the motion hearing to set aside bond forfeiture, from which this appeal is taken.

In this instance the surety had done everything within his capability to produce defendant prior to the entry of judgment on the bond. Surety notified the Jackson County Prosecutor's office of the whereabouts of defendant. He had the Jackson County Sheriff lodge a detainer against the defendant. He also had the defendant himself file the March 6 request for a disposition of the charges pending against him in Jackson County. Surety offered to pay all the costs incurred by the State of Missouri in transporting defendant from Lansing to Jackson County. The only step remaining was to send an officer to Lansing to take custody of defendant in order to produce him for trial in Jackson County.

State of Missouri v. Street, Mo.App., 510 S.W.2d 225 (handed down May 6, 1974), held that if the surety delivers the defendant to the court prior to judgment on the forfeiture of the bond, it is mandatory that the surety be released. The trial judge has no discretion in determining whether to set aside the bond forfeiture in such an instance.

Despite the fact that defendant was not actually produced in open court on the day the motion to set aside forfeiture was heard, the defendant could have been produced at no financial cost to the State of Missouri had the State sent an officer to the Kansas State Penitentiary to take custody of defendant. The surety laid all the groundwork for production of the defendant; all that remained was for the State to take advantage of the surety's preceding efforts.

State v. Savage, 461 S.W.2d 887 (Mo. banc 1971), held that where there is a default in recognizance resulting in non-appearance of defendant and the non-appearance of the defendant is the direct result of the State's act, the State is not entitled to the penalty judgment, although a surety may be required to pay the costs to the State resulting from the non-appearance of defendant. Savage, supra, involved a situation where at the time defendant's appearance was scheduled in one Missouri county, he was incarcerated in another Missouri county. The State's act of incarcerating defendant in the second county caused his non-appearance in the county that issued the original charges. The mag-

istrate court's order of bond forfeiture was reversed.

 The rationale of State v. Savage is that a defaulting defendant who could have been produced in court prior to judgment on the bond and who is not present by reason of the State's inaction relieves the surety. That reasoning applies with equal force to the instant case. Sureties should diligently expend every effort to qualify defendant under Section 222.160, RSMo 1971, V.A.M.S., such as the efforts of the surety here. All expenses incurred by the State of Missouri in such production of defendant should be paid by the surety. Because the purpose of bail and Section 222.160, RSMo 1971, V.A.M.S., is to procure a speedy trial for defendant, sureties should be able to fully utilize the provisions of Section 222.160, RSMo 1971, V.A.M.S., in an effort to make defendant available for trial as the bail bond contract intended. If a surety has taken every step possible in making defendant available to the jurisdiction of the State of Missouri under Section 222.160, RSMo 1971, V.A.M.S., so that the net result is that, at the time of the hearing for judgment on the bond, the only step necessary to produce defendant for trial is that an official of the State of Missouri travel to the foreign prison to take custody there of defendant, the forfeiture of the bond should be set aside to the extent that it exceeds any costs incurred by the State of Missouri in transporting defendant to a Missouri detention facility.

State of Missouri v. Patterson, Mo.App., 508 S.W.2d 304 (handed down April 2, 1974) is distinguishable on the ground that, in the instant case, Agreement on Detainers, Section 222.160, RSMo 1971, V.A.M.S., became fully effective when defendant was sentenced and entered upon his term of imprisonment and when the Sheriff of Jackson County lodged a detainer against him. In Patterson, supra, the defendant had not entered upon a term of imprisonment since he was only in custody of the Colorado authorities pending trial there.

The action of the State of Missouri in failing to take advantage of the efforts of the surety and the provisions of Section 222.160, RSMo 1971, V.A.M.S., which the surety's efforts made effective, and in failing to drive to the Kansas State Penitentiary to take custody of defendant, have a practical effect no different than the action of the State of Missouri in incarcerating a defendant in one county of the State on the day they demand appearance of defendant in the court of another county. The difference is only that difference between an act of commission, as in Savage, supra, and an act of omission, as here described. The net result of both acts, however, was the non-appearance of defendant.

We reverse the judgment of the circuit court, and remand with directions to set aside the bond forfeiture.

All concur.