**STATE ex rel. Thomas Joseph WRIGHT, Appellant,**

v.

**John H. POELKER et al., Respondents.**

**No. 37722.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 1, 1977.

Cady & Godfrey, Dewey S. Godfrey, Jr., St. Louis, for appellant.

Jack L. Koehr, City Counselor, Joseph R. Niemann, Asst. City Counselor, St. Louis, for respondents.

WEIER, Judge.

Thomas Joseph Wright was dismissed from his position as Deputy Marshal I for the City of St. Louis because he was acting as a bondsman in the City Court of St. Louis and incurred six bond forfeiture judgments against him while on leave of absence from his position with the City. The Civil Service Commission determined that Wright was dismissed for good and just cause. The findings, conclusions and decision of the Commission were found by the circuit court to be supported by competent and substantial evidence. On appeal, appellant Wright contends Rule 37.107 and Article VIII, Section 8 of the Charter of the City of St. Louis, relied on by the Commission, are not applicable to this situation. We affirm.

Appellant was represented by an attorney at the Civil Service Commission hearing

held on March 27, 1975. Evidence adduced at the hearing included as exhibits a series of bail bonds signed by appellant upon which judgments had been taken for failure of the defendants to appear in court on the appointed day. Six of the judgments were taken prior to Wright's dismissal in June 1973. These judgments were still unpaid at the time of the hearing.

R. C. French, City Marshal of the City of St. Louis as of April 30, 1973, was the only witness called at the hearing. He testified that during the course of a review of bond judgments taken against bondsmen, as part of his duties in collecting on bond judgments, he discovered the six judgments against appellant. After an unsuccessful attempt by the Chief Deputy to straighten the matter out with appellant, French did not renew appellant's leave of absence because of the bond forfeiture judgments against him.

Appellant first contends the trial court erred in finding the decision of the Civil Service Commission was supported by competent and substantial evidence because Rule 37.107 does not apply to this situation in that it does not provide any criminal sanctions and it "goes only to the reputation of the person signing the bond and to his moral character or lack of it."

Rule 37.107 reads as follows:

No person shall be accepted as a surety on any bail bond taken under these Rules unless he possesses the following qualifications: . . .

4. He shall not be an elected or appointed official or employee of the State of Missouri or of any county or of any other political subdivision or any municipality of this state.

The Commission determined that appellant's actions were inconsistent with Rule 37.107 and § 84.230, RSMo. 1969. Appellant does not discuss § 84.230 which provides that "no official or employee holding office under the municipality of the said cities, or the state of Missouri . . . shall be accepted as surety upon such bond or bonds; . . . ."

■ Even if Rule 37.107 and § 84.230 do not provide criminal sanctions and exist mainly to help judges decide who may sign bail bonds as sureties, the rule and statute nevertheless describe the type of conduct in which city employees should not engage. Furthermore, Article VIII, Section 8 of the Charter of the City of St. Louis, discussed below, proscribes such activity under penalty of forfeiture of office or employment. This contention is without merit.

■ In the argument section of appellant's brief, appellant contends he was not an employee while on leave of absence. Because this point is not mentioned in appellant's Points Relied On, this court need not consider the issue. Rule 84.04(d); *Barber v. M.F.A. Milling Company,* 536 S.W.2d 208, 209–10[4] (Mo.App.1976); *Dors v. Wulff,* 522 S.W.2d 325, 326[5] (Mo.App. 1975). Parenthetically, we note that appellant's attorney admitted in the hearing that appellant was an employee but under leave of absence. The term "leave of absence" does not mean a permanent separation from employment. Rather it "signifies temporary absence from duty with an intention to return, during which time remuneration is suspended." *State ex rel. McGaughey v. Grayston,* 349 Mo. 700, 163 S.W.2d 335, 341[17] (Banc. 1942). The relationship of employer and employee between the city and the appellant would therefore continue during the period of leave except for suspension of his obligation to carry out the duties of his work and the compensation therefor.

Appellant's second contention is that the trial court erred in finding the decision of the Civil Service Commission was supported by competent and substantial evidence because the provisions referring to contracts in Article VIII, Section 8 of the Charter of the City of St. Louis, do not include bail bond contracts and because there was no evidence of an actual conflict of interest in this case. Article VIII, Section 8, provides "nor shall any officer or employe . . . have a personal interest, directly or indirectly, in a contract with the city . . .

Any person guilty of any wilful violation of this section shall thereby forfeit his office or employment."

■ Appellant in his brief admits that "a bond may be considered a contract." *State v. Hinojosa,* 364 Mo. 1039, 271 S.W.2d 522, 524[4] (1954), cited by appellant, states: "Sureties know and solemnly *contract* that the defendant shall appear and abide the orders of the court and in the event of his default are bound by their obligation" (emphasis added). *See also,* 8 C.J.S. Bail § 16b, p. 21 (sureties must usually be competent to contract) and § 21(c), p. 30 (bail bond obligations are contracts which are not modifiable except by consent of the surety). Appellant contends the contract is only with the person for whom he signs the bond; but obviously, as surety, the bondsman has an obligation to the city in the event the defendant fails to appear. Even if the bondsman's obligation with the city is considered to be indirect, this situation is still covered by Article VIII, Section 8, which reads: "nor have a personal interest, directly *or indirectly,* in a contract with the city" (emphasis added). This broad language includes acting as a bondsman in the city courts.

■ Appellant also contends Article VIII, Section 8, is concerned with conflicts of interest and that there was no evidence of any such conflict here. But the City Marshal, R. C. French, testified that part of his job included collecting on bail bond judgments. At the time of the commission hearing the judgments against Wright were still outstanding. If Wright were reinstated at the time he requested it, it would be possible for further forfeitures to occur on bonds written while Wright was on leave. This activity is a definite conflict of interest.

We agree with the trial court's finding that the decision of the Civil Service Commission upholding the dismissal of appellant was supported by competent and substantial evidence.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.