Sharon Hartig **COOK,**
**Plaintiff-Appellant,**

v.

David T. **LODES, Defendant-Respondent.**

No. 38501.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 13, 1977.

Hollander & Platke, Toby H. Hollander, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, R. E. Keaney, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Appellant Sharon Hartig Cook appeals from the order of the circuit court of St. Louis County sustaining in part her motion to modify the original divorce decree which awarded custody of her minor child to respondent.

In this court-tried case, the order of the trial court will be sustained unless there is no substantial evidence to support it or is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976). We set aside a decree as against the weight of the evidence only "with a firm belief that the decree . .

is wrong." *Murphy v. Carron,* supra, at 32[2]. We also give due deference to the trial court's opportunity to have judged the credibility of the witnesses.

Appellant and respondent, David T. Lodes, were divorced on February 28, 1974. Appellant did not contest the divorce, nor did she request custody of the parties' six-year old son, David Louis Lodes (hereinafter referred to as "Louis"). Apparently appellant consented to respondent's custody of Louis. The divorce decree reflected the wishes of the parties.

Shortly after the divorce both parties remarried. Appellant and her new spouse have no children. Appellant was employed as a waitress at a St. Louis restaurant at the time of the divorce. Respondent's new wife, the now Donna Lodes, had one child from a previous marriage. Since their marriage respondent and his new wife also have a child of their own.

Subsequent to the divorce, Louis spent a good deal of time with the appellant. In fact, from late November, 1974 to May, 1975, Louis attended school while living with the appellant. Apparently respondent would see Louis on weekends and holidays. In May, 1975, Louis returned to the custody of the respondent.

During the following school year, commencing in September of 1975, Louis attended St. Pius grammar school while living with the respondent. Appellant would spend time with Louis on weekends and holidays.

In April, 1976, appellant filed her motion to modify the divorce decree with regard to the custody provisions of Louis. Appellant alleged "a substantial change in circumstances indicating that the best interests of the child would be served by awarding the care, custody and control of the minor child, David Louis Lodes, to the petitioner." In her motion to modify, appellant set out five bases which allegedly reflect a change in circumstances:

"a. Petitioner has remarried, has obtained steady employment, and is capable of providing for the health, care, education and rearing of said child;

"b. Respondent has remarried but said marriage is fraught with domestic quarrels and bitterness, disturbing the peace and tranquility of the home;

"c. The minor child is not receiving proper dental care;

"d. The minor child is not being adequately clothed;

"e. Respondent has had periodic bouts of alcoholism, requiring the care, custody and control of said minor child to be given to Petitioner for periods of two weeks and six months, disrupting the stability of the minor child's life;

"f. As a result of the aforesaid circumstances, the mental and emotional well-being of said child has been and is being seriously jeopardized."

Prior to the hearing on the motion to modify the divorce decree, appellant picked up Louis for her periodic visit. The appellant noticed an abrasion on his face. After further examination, appellant took Louis to Cardinal Glennon Hospital for treatment. The treating physician recorded the injuries, and filed a child abuse form.

Appellant then refused to relinquish custody of Louis to the respondent. Respondent proceeded to file a writ of habeas corpus. A show cause order was issued on June 8, 1976. Appellant appeared with Louis and a hearing was held on the writ. The circuit court of the City of St. Louis denied the writ stating that in view of the pending motion to modify, it was in the best interest of the child to remain in the temporary custody of the appellant.

The hearing on the motion to modify commenced on August 17, 1976, with continuations on September 3 and September 7. The voluminous record reflects substantial conflicting testimony.

The appellant proffered testimony relating to the well-being of Louis. She described his negative attitude about his stepmother and alleged physical abuse by her. Appellant contended that Louis was not receiving proper dental care, but admittedly did nothing to remedy the situation while she had temporary custody of Louis.

Dr. Pamela Beach, treating physician at Cardinal Glennon Hospital, testified to Louis' condition when appellant brought him in for treatment. The doctor classified his injuries as "clean injuries, they didn't need washing or bandaging," and described his character as cheerful, "a normal child."

Dr. Neil Stephan Alex, child psychiatrist at Washington University Child Guidance Clinic, testified to the examination of Louis. Dr. Alex stated that Louis had a "reactive disorder" apparently stemming from the treatment of his stepmother.

David Louis Lodes testified in chambers after being qualified by the court. He described his negative attitude towards his stepmother including being slapped. Louis stated, however, a preference to be with his father if his stepmother would change, and wished to "see if Donna (his stepmother) has changed." Louis expressed some enjoyment in being with his father and attending the school that he attended while living with respondent.

Respondent testified to his drinking problem while married to the appellant. He did state, however, that since December 12, 1974, he has not had a drink. Respondent expressed an interest in Louis' educational progress, and on at least one occasion visited the school which Louis attended to have a conference with his teacher. Respondent testified to the sporadic visitation habits of the appellant, stating that at one time there was a three to four month gap in her visits. Respondent testified further that he occasionally punished Louis for lying.

Donna Lodes, respondent's present wife, testified that she cared a great deal for Louis. She admits, however, strapping him with a belt. Mrs. Lodes also testified that she has occasional arguments with the respondent, but no physical abuse is involved. Mrs. Lodes also admitted to slapping Louis on at least one occasion.

Testimony was also offered by Sister Eileen Kersigieter, principal at St. Pius grade school, and Jane Holdsworth, Louis' teacher. Both noticed improvement in Louis' academic ability after the year in St. Pius. In fact, Mrs. Holdsworth commented that Louis was doing very good work.

After hearing all the testimony, the trial court sustained appellant's motion in part, by delineating specific time periods which appellant would have custody of Louis. This appeal followed.

Appellant raises several issues on appeal, some of which are not set out in her points relied on. See Rule 84.04(d) and *Wright v. Poelker,* 548 S.W.2d 285 (Mo.App.1977). In fact, appellant's brief is in questionable compliance with Rule 84.04(d). Appellant has failed to frame her "points relied on" in a manner that informs this court of "wherein and why" the trial court erred. Therefore, we see fit to consider only one issue raised by appellant—the trial court erred in only sustaining in part the appellant's motion to modify the divorce decree. Put in different terms, the trial court erred in not sustaining appellant's entire motion to modify the divorce decree in that the court's order was not supported by substantial evidence.

 In order to modify a custody decree, the court must find that: (1) facts arising since the prior decree have given rise to a change in circumstances of the child, or his custodian, and (2) a modification is necessary to serve the best interests of the child. § 452.410, RSMo Supp. 1973. In a child custody case, the party moving to modify child custody has the burden of showing a change in circumstances to warrant the transfer of custody. *L.H.Y. v. J.M.Y.,* 535 S.W.2d 304 (Mo.App.1976). In such a proceeding to change custody the wishes of the child are relevant and should be considered by the court, if it is determined that an interview with the child is appropriate. § 452.385, RSMo Supp. 1973. *Kanady v. Kanady,* 527 S.W.2d 704 (Mo. App.1975). Stability of the child is an important factor to be considered in deciding custodial issues. *In re Marriage of Roedel,* 550 S.W.2d 208 (Mo.App.1977).

We have reviewed the record carefully and conclude that there is substantial evidence to support the order of the trial court. It is important to keep in mind that the trial court sustained in part appellant's motion to modify in setting out specific temporary custody rights of the appellant. To this extent, the trial court treated appellant's motion as one to increase visitation, as well as change in permanent custody. By not granting the appellant's entire motion, the trial court apparently did not consider the facts presented as warranting a change in permanent custody.

In reaching our decision, we take note of Louis' express desire to live with his father (respondent), and give his stepmother a second chance. Also Louis' progress in school, and his father's interest therein are factors deserving credence. The record contains conflicting evidence in many respects, not clearly supporting either party. Therefore, we are unable to agree with appellant's contention that there is no substantial evidence to support the court's order.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.